[No. 33488.   Department One.   March 8, 1956.]

CLEO SMITH *et al., Respondent and Cross-appellants,* v.
GEORGE M. HOLLENBECK, *as Acting Director of the State
Department of Public Assistance, Appellant.*[1]

[1]Reported in 294 P. (2d) 921.

462

The *Attorney General, Moksha W. Smith* and *John F. Hansler, Assistants,* for appellant.

*G. E. Clark,* for respondents and cross-appellants.

OTT, J.—This is an appeal from a judgment entered by the superior court after reviewing, pursuant to Laws of 1953, chapter 174, § 31, p. 363 [*cf.* RCW 74.08.080], a decision of the director of the department of public assistance rendered in consolidated causes, following a "fair hearing" as provided by Laws of 1953, chapter 174, § 30, p. 362 [*cf.* RCW 74.08.070].

The facts with reference to the first of the consolidated causes are as follows:

The respondent Cleo Smith was seventy-six years of age and was a recipient of old age assistance. From April 1, 1953, to May 1, 1954, he resided in an apartment and was paying thirty dollars per month for rent. He had reported to the department's visitor that he expected to have an apartment with a refrigerator and that his rent would be thirty-five dollars per month. However, for some reason not disclosed in the record, the apartment which he occupied had no refrigerator, which reduced the rent five dollars a month. May 1, 1954, he voluntarily moved into a four-room dwelling with Mrs. Mabel L. Rittenhouse, pursuant to an agreement between them that the rent would be shared. When this change of living arrangement was called to the attention of the department, his basic need allowance for rent was reduced, in accordance with the department's regulation 424.221, to $17.50 per month, being one half of the maximum unit shelter allowance.

The department determined that, for the months of May and June, while he was sharing the apartment with Mrs. Rittenhouse, respondent Smith had been overpaid a total of $33.20, and that, for thirteen months prior thereto, while occupying an apartment without a refrigerator, he had been overpaid five dollars per month, making a grand total of $98.20. Respondent Smith was notified, in writing, that the department would recover this amount by deductions of $6.99 per month from his revised basic need grant.

The facts with reference to the second of the consolidated causes are as follows:

Mrs. Mabel L. Rittenhouse was seventy-two years of age. Prior to March 31, 1953, she had been paid a lump sum of one hundred forty dollars Federal old age and survivor's insurance, and was awarded twenty-five dollars per month thereafter. March 31, 1953, she paid the one hundred forty dollars thus received to the department of public assistance. May 1, 1953, the department granted to her a basic need allowance of $90.10 per month. The department had notice that she was receiving old age and survivor's insurance in the sum of twenty-five dollars per month, but failed to deduct this amount from the $90.10 monthly award. Thus,

from May 1, 1953, through June, 1954, she was overpaid by the department a total of $383.20, which included the overpayment of rental allowance while she shared the apartment with Mr. Smith. The department notified her, in writing, that this sum would be recovered by deductions of $8.52 from her monthly basic need allowance until the amount was repaid.

The respondents, feeling aggrieved by these rulings, appealed to the director of the department of public assistance. The director sustained the rulings. The respondents then appealed to the superior court. After a hearing on the record, the court filed a written memorandum opinion. The department's petition for rehearing was denied. The court entered findings of fact, and affirmed the decision of the director in part and reversed it in part. The director, on behalf of the department, has appealed, and respondents have cross-appealed.

The trial court did not see and hear the witnesses, but based its findings upon the record of the hearing before the director. Consequently, this court will evaluate the same evidence considered by the trial court.

Was the department of public assistance arbitrary and capricious in reducing the rental allowances to $17.50, and in ordering deductions from respondents' basic need allowances to reimburse the department for overpayments made?

█    Arbitrary and capricious action on the part of an administrative agency has been defined as willful and unreasoning action, without consideration and in disregard of facts or circumstances. Where there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached. *Straub v. Department of Public Welfare,* 31 Wn. (2d) 707, 198 P. (2d) 817 (1948); *Lillions v. Gibbs,* 47 Wn. (2d) 629, 289 P. (2d) 203 (1955), and case cited.

█    Laws of 1953, chapter 174, § 18, p. 355 [*cf.* RCW 74-.08.040], requires the department to award basic need grants on a uniform state-wide basis, and to make actual living cost studies for the determination of standards of assistance.

In the absence of evidence to the contrary, public officers are presumed to have performed their duties regularly and legally, in compliance with controlling statutory provisions. *Barbee Mill Co. v. State*, 43 Wn. (2d) 353, 261 P. (2d) 418 (1953).

Since there is no evidence in the record that the surveys and studies were not properly made, we must assume that the department, in conformity with the statutory mandates, adopted maximum standards for rented shelter, based upon studies of actual living costs in Yakima county. During the period in question, the maximum standard shelter allowance was thirty-five dollars per month.

Laws of 1953, chapter 174, § 5, p. 345 [cf. RCW 74.08.090], provides:

"The department is hereby authorized to make rules and regulations not inconsistent with the provisions of this act to the end that this act shall be administered uniformly throughout the state, and that the spirit and purpose of this act may be complied with. The department shall have the power to compel compliance with the rules and regulations established by it. Such rules and regulations shall be filed with the secretary of state thirty days before their effective date, and copies shall be available for public inspection in the office of the department and in each county office."

Laws of 1953, chapter 174, § 18, p. 355 [cf. RCW 74.08.040], provides in part:

"The standards of assistance shall take into account the economy of joint living arrangements, and the department may, by rule and regulation, prescribe maximums for grants."

Accordingly, by regulation 424.221-R, subd. 2, the department provided that, when two or more assistance units live together and the rent cost is shared, the grant to each cannot exceed his or her proportionate share of the maximum standard. There is no evidence that the joint living regulation was not uniform state-wide, or that the respondents' shelter award was not in accordance with it.

Respondent Smith contends that the department acted arbitrarily and capriciously when, because of his skin condition which required baths three times a day, and be-

cause he had been advised by a doctor to live in a ground floor apartment, the department failed to classify his condition specially and to award him thirty-five dollars per month for rent, even though he shared an apartment with another pensioner.

The evidence does not disclose that respondent Smith was entitled to a special rating. The statute provides that, as an old-age pensioner, he is entitled to benefits only upon a uniform state-wide basis. In this respect, there is no proof that he was granted assistance different from other persons of his classification, under the state-wide standards as determined by the department. There is no evidence that respondent Smith belonged in any of the other classifications provided for in Laws of 1953, chapter 174, § 18, p. 355, *supra.* He made no showing that he was unable, at his former quarters, to use the bath facilities (which he shared with others) three times a day. He merely said that his condition required a semiprivate bath. He voluntarily left his former quarters and moved into joint living quarters, for which the department's established rules allowed payment of no more than $17.50 per month to each of the occupants for shelter.

We are not here concerned with an applicant who requires medical attention. He is not claiming that he should have been given a medical grant. There is no proof that his special needs were not provided for adequately under the arrangement had before he voluntarily elected to select more expensive quarters than the department's joint living allowance would permit.

We hold that, as to respondent Smith, the department's ruling with reference to his shelter allowance was not arbitrary or capricious.

The department ruled that respondent Smith had been overpaid $98.20, and notified him that deductions from his basic need allowance would be made at the rate of $6.99 per month until the full amount had been recovered, relying upon Laws of 1953, chapter 174, § 34, p. 366 [cf. RCW 74.08-.300], which provides:

"If, at any time during the continuance of public assistance, the recipient thereof becomes possessed of any *property, resources* or *income* in excess of the amount previously declared to the department, it shall be the duty of the recipient to notify the department within thirty days of the receipt or possession of such *property, income* or *resources.* Any assistance granted after the recipient has come into possession of such property, resources or income in excess of his need, and which was not reported within thirty days, may be deducted from subsequent assistance payments to the recipient or may be recovered by the state department by a civil action instituted by the attorney general." (Italics ours.)

The department contends that, since the respondents were paid more than was necessary to provide for their basic needs as determined by the department, the resulting overpayments constituted a receipt of property, resources, or income by the respondents, which was not reported to the department and which could be recovered, under the statute last quoted, by deductions from subsequent assistance awards. The statute provides that the recipient has the duty of reporting the receipt of "any property, resources or income *in excess of the amount previously declared to the department,*" (italics ours) and that, upon failure to report it, the assistance in excess of the recipient's need may be deducted from subsequent assistance payments.

The language, "in excess of the amount previously declared," refers to the type of property, resources, or income, if any, which was declared to the department when the recipient applied for aid, and which was derived from sources other than the department of public assistance. Hence, the receipt of any property, resource, or income from the department is not within the purview of this statute, and could not be recovered by deductions from the basic need award.

Respondent Smith did not come into possession of any *property, resource,* or *income* which he was required, under the statute, to report. There is nothing in the record to indicate that the recipient knew how much had been allowed him for rent. He was awarded a monthly old-age assistance

grant in the total amount of $88.10, minus $43.50 old age and survivor's insurance.

■ The department's witness testified that respondent Smith was allowed thirty-five dollars for rent while occupying an apartment alone, and that he actually paid thirty dollars. Based upon the testimony of the department's witness, there was an overpayment of five dollars per month. Since the record does not indicate knowledge on the part of the recipient that he was overpaid, there is no basis for a finding of fraud. The same reasoning applies with reference to the balance of the overpayment which resulted from the sharing of rent by the respondents.

■ Laws of 1953, chapter 174, § 35, p. 366 [*cf.* RCW 74-.04.300], provides for recovery of payments improperly received as follows:

> "*If a recipient receives public assistance for which he is not eligible,* . . . the total amount of such assistance paid to such recipient shall be a debt due the state and the attorney general shall prosecute an action to recover the amount thereof in a civil action against such recipient, his heirs, executors, or assigns." (Italics ours.)

The overpayments with which we are here concerned are amounts that the recipients were "not eligible" to receive, and can be recovered as provided in this section. These overpayments are not recoverable by deductions from the monthly basic grants as provided in § 34 of the act, *supra.*

■ With reference to Mabel L. Rittenhouse, the department concedes that it had knowledge of the Federal old age and survivor's insurance payments she was receiving, but neglected to deduct that amount from her basic need award.

Since the department had *notice* of the income received by respondent Rittenhouse, the overpayment resulting therefrom cannot come under the provisions of § 34, *supra.* The overpayment due to her sharing of rent with respondent Smith did not result from the receipt of any *property, resources,* or *income.* Hence, no deductions from respondent Rittenhouse's monthly basic need allowance are authorized by statute, under the facts of this case.

The director, in construing Laws of 1953, chapter 174, §§ 34, 35, p. 366 [cf. RCW 74.08.300, 74.04.300], concluded that *any* overpayments could be recovered by deductions from the basic need grants. In this respect, the ruling was not arbitrary or capricious, but was upon a fundamentally wrong basis. *Straub v. Department of Public Welfare,* 31 Wn. (2d) 707, 198 P. (2d) 817 (1948).

With reference to the respondents' cross-appeal, what we heretofore have said with regard to the joint shelter allowance for Cleo Smith applies to Mabel L. Rittenhouse.

Since the record does not indicate that respondent Smith requested a laundry allowance, we find no merit in the cross-appeal as to this item.

The trial court allowed respondents an attorney's fee, as authorized by Laws of 1953, chapter 174, § 31, p. 363 [cf. RCW 74.08.080]. The department objected to the fee only in the event the department prevailed on appeal. Since it has not prevailed, the judgment allowing an attorney's fee is affirmed.

The consolidated causes are remanded to the trial court, with instructions to reverse that portion of the director's decision which authorizes deductions from the monthly basic need allowances of the respondents, and to affirm the decision in all other respects. The respondents will recover costs.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.