[No. 35370.   Department One.   February 2, 1961.]

MONA REIGER, *Appellant*, v. THE CITY OF SEATTLE *et al.*, *Respondents*.[1]

[1] Reported in 359 P. (2d) 151.

*Byron D. Coney,* for appellant.

*A. C. Van Soelen* and *Peter K. Steere,* for respondents.

WEAVER, J.—Defendants' motion for summary judgment having been granted, plaintiff appeals from a judgment dismissing her action.

Plaintiff has been a full-time provisional police matron of the city of Seattle since December 28, 1953. Although the position is classified under the city's civil service system, she was not required to take a civil service examination until April 8, 1958.

Plaintiff passed the written and physical examinations, but failed the oral examination. She protested to the civil service commission the "evaluation and grade given" her by the examiners and the "composition of the Interviewing Board." Her request for a hearing was granted.

Plaintiff commenced this action (it is not an appeal from the action of the commission), alleging that, although the commission determined she was entitled to a passing grade on her oral examination, her standing "would still not be high enough to warrant her certification to the chief of police as one of those eligible to receive appointment to an existing vacancy."

Plaintiff alleges ten different grounds on which the oral examination given by the civil service commission "was arbitrary, capricious, in abuse of the discretion of the Commission, contrary to law, and proceeded on a fundamentally wrong basis." She alleges further that the hearing before the civil service commission was arbitrary and capricious.

In her complaint against the city, the members of the civil service commission, its chief examiner and secretary, plaintiff prays for one of the following alternatives: (1) that

defendants be restrained from removing her from her position; (2) that defendants be ordered to certify those eligible for the position, based solely on the results of the written and physical examinations, excluding the results of the oral examination; or (3) that another oral examination be given the applicants who passed the physical and written portions of the examination.

Plaintiff's three assignments of error are really one: that the court erred when it entered summary judgment for defendants.

Implementation of employment by civil service procedures is essentially administrative. In nowise can courts perform supervisory powers. Counsel do not quarrel with the rule we announced in *In re Harmon,* 52 Wn. (2d) 118, 120, 323 P. (2d) 653 (1958):

" . . . Agencies exercising essentially administrative functions may, among other things, act as fact-finding bodies to ascertain qualifications of an applicant for a license; . . . If the power exercised by the agency is essentially administrative, the superior court, upon appeal provided by statute, is limited to a consideration of whether the agency acted arbitrarily, capriciously, or contrary to law. *Household Finance Corp. v. State,* 40 Wn. (2d) 451, 244 P. (2d) 260 (1952)."

Although this is an independent action and not a statutory appeal from the civil service commission, the same rule is applicable: the judiciary will only review the actions of an administrative agency to determine if its conclusions may be said to be, *as a matter of law,* arbitrary, capricious, or contrary to law.

An affidavit of the chairman of the city's civil service commission is included in the agreed statement of facts filed in this court.

The following appears from the affidavit: (a) that June 18, 1958, the commission considered plaintiff's protest and continued the hearing to June 25, 1958, on which date plaintiff and her counsel were present (a record of this hearing was not before the court); (b) that a hearing was scheduled for July 16, 1958, on which date plaintiff presented and the commission heard testimony from plaintiff and six wit-

nesses for approximately two and one-half hours (a record of this testimony was not before the court); (c) that the commission announced its proposed ruling July 23, 1958, and "ordered that any protests to said proposed ruling would be heard on July 30, 1958"; (d) that on July 30, 1958, the commission heard protests on its proposed ruling from plaintiff and argument of her counsel, after which the proposed ruling was adopted as the final action of the commission.

Before a court can test the validity of the administrative agency's action against the backdrop of the rule of law that such action must not be arbitrary, capricious, or contrary to law, the court must have the record of the evidence submitted to the agency for consideration and upon which it acted.

This evidence was not in the record before the trial court; hence, it was not error to grant defendants' motion for a summary judgment.

The judgment is affirmed.

MALLERY, HILL, FOSTER and HUNTER, JJ., concur.

---

April 24, 1961. Petition for rehearing denied.