[No. 1969-1.    Division One.    March 4, 1974.]

GEORGE HELLAND et al., *Respondents*, v. KING COUNTY
CIVIL SERVICE COMMISSION et al., *Appellants*.

*Christopher T. Bayley, Prosecuting Attorney*, and *Michael L. Cohen, Deputy*, for appellants.

*Carroll, Rindal, Caplinger & Kennedy* and *James E. Kennedy*, for respondents.

JAMES, J.—Plaintiffs are deputy sheriffs in the King County Department of Public Safety. Each holds the rank of sergeant. By this action, they have sought a judicial

review of a promotional examination conducted by the defendants. The examination was for the purpose of qualifying candidates for the eligibility list for promotion to the rank of lieutenant. The examination consisted of four parts, one of which was a written examination. The defendant, King County Civil Service Commission, employed a national testing service to prepare and grade the written examination.

The King County Civil Service Commission rules governing examinations promulgated pursuant to RCW 41.14.060 provide that:

> protests relating to any subject as being unfair, ambiguous or answering either way [*sic*], or correctness of proposed "key" answers, must be filed, in writing, within five days after examination is held.

King County Civil Service Commission rule 9.5. The rules further afford a candidate an opportunity to review the "answer key" with the chief examiner and thereafter the right to challenge the "key" answer used in grading the examinations. The rules require the commission to consider all challenges and rule upon their "validity." King County Civil Service Commission rule 9.5.1.

The record brought to us discloses that plaintiffs, together with other candidates, challenged the key answers to four multiple choice questions. The commission conducted three hearings to consider the challenges. The protestants and the chief examiner presented evidence and argument in support of their respective contentions. The challenges to two key answers were sustained, and the commission ruled that, as to those two questions, the answers given by all candidates, including the plaintiffs would be scored as correct answers. The plaintiffs' challenges to the key answers to the remaining two questions were rejected.

Plaintiffs thereafter sought and were granted a superior court review of the commission's ruling on their protests. At the conclusion of the hearing, the trial judge entered a "Final Order" which recited that he deemed the proceeding to be a petition for writ of certiorari. No formal findings of

fact or conclusions of law were entered. The record on appeal is silent as to whether the trial judge gave an oral opinion at the conclusion of the hearing. The final order further recites that the purpose of the superior court review was "to determine whether [the] Commission was arbitrary and capricious in refusing to give [plaintiffs] credit" for their answers to the two questions which they had protested. The order then states that the court finds that "the decision of [the] Commission rejecting the answers of [plaintiffs] to said questions was arbitrary and capricious in that *the reference material for said examination did not support the answers to said questions* approved by said Commission." (Italics ours.) Finally, the order provided that the plaintiffs should "receive credit for their answers to said questions solely for the purpose of having passed said written examination but for no other purpose."

We do not agree with the trial judge's finding nor his ruling based thereon.

■ Implementation of civil service employment procedures is an administrative function. *Reiger v. Seattle*, 57 Wn.2d 651, 359 P.2d 151 (1961). But it is a function which will be judicially reviewed for "administrative due process" where fundamental fairness is challenged. *State ex rel. Beam v. Fulwiler*, 76 Wn.2d 313, 456 P.2d 322 (1969).[1]

---

[1] In *Yantsin v. Aberdeen*, 54 Wn.2d 787, 788, 345 P.2d 178 (1959), the Washington Supreme Court made the broad statement that "[a] police officer has no *property* right in public employment which is protected by the due process clause provisions in our state and Federal constitutions." (Italics ours.) Concerning its own earlier similar statements, the United States Supreme Court said in *Wieman v. Updegraff*, 344 U.S. 183, 191, 97 L. Ed. 216, 73 S. Ct. 215 (1952), "[t]o draw from this language the facile generalization that there is no constitutionally protected right to public employment is to obscure the issue. . . . *constitutional* protection *does* extend to the public servant whose exclusion pursuant to a statute is patently arbitrary or discriminatory." (Italics ours.) The "rights" protected by constitutional due process are of life, liberty and property. We believe that the "notions of '*administrative* due process'" (italics ours) recognized in *State ex rel. Beam v. Fulwiler*, 76 Wn.2d 313, 456 P.2d 322 (1969) are indistinguishable from the requirements of *constitutional* "due process" and that a civil service employee's *right* to due process protects a *property* right.

■ The trial judge properly recognized that his limited function was to review the action of the defendant civil service commission *only* "to determine if its [rejection of plaintiffs' challenge] may be said to be, *as a matter of law,* arbitrary, capricious, or contrary to law." *Reiger v. Seattle, supra* at 653. The judiciary's responsibility to determine whether an administrative body has acted arbitrarily and capriciously neither carries with it the power nor imposes the obligation to *supervise* administrative functioning. *Reiger v. Seattle, supra.*

> The courts have indicated the same indisposition to review the content and "practicality" of promotion examinations as they have displayed with respect to examinations for original appointment. So long as the subject matter of the examination indicates a plausible relationship to the functions of the position the courts will not substitue [*sic*] their wisdom or judgment for that of the agency made responsible under the law for assuming the examination function.

(Footnote omitted.) H. Kaplan, *The Law of Civil Service* 154 (1958).

■ The trial judge likewise properly recognized that a judicial review of an administrative action is not a trial de novo and confined his review to a consideration of the record of the hearings before the commission. *State ex rel. Perry v. Seattle,* 69 Wn.2d 816, 420 P.2d 704 (1966). We are similarly bound to review the record upon which the trial judge based his findings and to exercise our independent judgment in determining whether the commission acted arbitrarily, capriciously or contrary to law.

> [W]here the record both at trial and on appeal consists entirely of written and graphic material—documents, reports, maps, charts, official data and the like—and the trial court has not seen nor heard testimony requiring it to assess the credibility or competency of witnesses, and to weigh the evidence, nor reconcile conflicting evidence, then on appeal a court of review stands in the same position as the trial court in looking at the facts of the case and should review the record de novo.

*Smith v. Skagit County,* 75 Wn.2d 715, 718, 453 P.2d 832

(1969). *Accord, Anderson v. Island County,* 81 Wn.2d 312, 501 P.2d 594 (1972).

■ Arbitrary and capricious action has been defined as willful and unreasoning action, without consideration or regard for facts or circumstances. *Lillions v. Gibbs,* 47 Wn.2d 629, 633, 289 P.2d 203 (1955). A finding of fact made without evidence to support it and a conclusion based upon such a finding is arbitrary. *State ex rel. Tidewater-Shaver Barge Lines v. Kuykendall,* 42 Wn.2d 885, 259 P.2d 838 (1953). But where there is evidence to support a finding and

> [w]here there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.

*Smith v. Hollenbeck,* 48 Wn.2d 461, 464, 294 P.2d 921 (1956). *Accord, Miller v. Tacoma,* 61 Wn.2d 374, 390, 378 P.2d 464 (1963).

Our independent review of the examination and the reference material reveals that the choice of answers to the challenged questions necessarily involved subjective as well as objective considerations. There was "room" for varying opinions as to the best answer. The record of the hearing discloses that the commission understood and carefully considered plaintiffs' challenges. Nothing in the record even hints that the commission acted other than honestly and with due consideration. The decision of the commission in rejecting plaintiffs' challenge was not arbitrary or capricious.

The judgment of the trial court as expressed in the final order of September 28, 1972, is reversed.

SWANSON, C.J., and CALLOW, J., concur.

Petition for rehearing denied April 10, 1974.

Review granted by Supreme Court June 24, 1974.