GEORGE HELLAND et al., *Petitioners*, v. KING COUNTY CIVIL SERVICE COMMISSION, *Respondent*.

*James E. Kennedy* (of *Carroll, Rindal, Caplinger & Kennedy*), for petitioners.

*Christopher T. Bayley, Prosecuting Attorney,* and *Michael L. Cohen* and *Raymond Ferguson, Deputies,* for respondents.

HUNTER, J.—The plaintiffs (petitioners), Sergeant George Helland and Sergeant Leonard Randall, seek a review of a decision of the Court of Appeals, Division One, which reversed the Superior Court for King County and thereby reinstated a decision for the defendant (respondent), King County Civil Service Commission (hereinafter referred to as the Commission). The Commission had refused to give the plaintiffs credit for two questions on a test designed to determine their eligibility for promotion to the rank of lieutenant.

The plaintiffs are sergeants with the King County Public Safety Department. In order to be eligible for promotion to the position of lieutenant, the plaintiffs were required to take the lieutenant's promotional examination, conducted by the Commission, which consisted of four parts: (1) an oral examination; (2) a consideration of seniority; (3) a department performance review; and (4) a written objective examination. To qualify for promotion, a candidate must receive a passing score on each of the four parts. All candidates who become eligible are ranked according to total scoring achievement on the entire examination. The Commission had employed a national testing service, McCann & Associates (hereinafter referred to as McCann), to prepare the written portion of the examination.

The written portion was given on April 15, 1972, to a total of 18 candidates, including the plaintiffs. McCann recommended 69 as a passing score; the plaintiffs received a score of 68. The plaintiffs had previously passed the other three sections of the examination.

In accordance with King County Civil Service Commission rule 9.5, the plaintiffs, and other candidates feeling aggrieved, filed for a hearing at which time they could contest the validity of certain questions. At the initial hear-

ing four questions were challenged, and the Commission sustained the applicants' objections to two of these, neither of which are the subject of this review. The Commission held that all candidates, including the plaintiffs, were to receive credit for these questions. In response to this ruling, the plaintiffs requested and were granted a hearing specifically limited to the two remaining questions, section 2, No. 26, and section 3, No. 13. Question No. 26 provided as follows:

A police officer or patrol at a public beach observes a mature girl about 20 years of age wearing a very brief bikini bathing suit. Assume that in this jurisdiction the only law that applies is a statute passed in 1910 which requires that all females in bathing costumes must be covered from the knee to the base of the neck to the elbow. Which one of the following choices best indicates whether or not the above situation is a "crime" according to most modern police authorities and also states the best reason therefor:

A. It is a "crime" because it violates an existing statute.
B. It is not a "crime" because the statute is obsolete and not usually enforced.
C. It is a "crime" because the exposure may incite others to more serious crime.
D. It is a "crime" because the offensiveness to public opinion justifies the use of the obsolete statute.
E. It is not a "crime" because public opinion would not support the police in taking enforcement action.

The plaintiffs marked "A" as the correct answer, whereas the Commission would accept only "B" as being correct. (Since the plaintiffs alleged error only as to this question in their petition for review, the discussion will be limited to the issues it raises.)

On August 16, 1972, the Commission convened to hear argument from both the plaintiffs and the chief examiner. Again, the Commission upheld the validity of its "key" answers to the questions.

The plaintiffs thereafter sought and were granted a Superior Court review of the Commission's determination. At the conclusion of the hearing, without entering formal findings of fact or conclusions of law, the trial court considered the proceeding as if it were a writ of certiorari, and entered a final order holding that the questions under consideration were arbitrary, capricious, and contrary to law in light of the answers deemed by the Commission to be correct. In conclusion, the court held that the plaintiffs should receive credit for their answers to said questions solely for the purpose of having passed said written examination but for no other purpose. In accordance with this decision, both plaintiffs were placed on the eligible list. One of the plaintiffs was third from the top and received a promotional appointment to the rank of lieutenant, served out his probationary period, and is awaiting the outcome of this review to see whether he will be afforded permanent status. Since the other plaintiff did not receive an appointment, and since the promotion period has expired, the issues raised by this case are moot as to him.

The Commission then appealed to the Court of Appeals, Division One, which reversed on the grounds that there was room for varying opinions as to the best answer to the questions under consideration, and therefore the Commission, in holding that the "key" answers were correct and in refusing to accept the plaintiffs' answers, did not constitute arbitrary and capricious conduct.

The plaintiffs then petitioned this court to review the decision of the Court of Appeals, which we granted. The case now comes before us for review upon the plaintiffs' petition.

The plaintiffs' threshold argument is that the trial court, when reviewing challenges raised in regard to a civil service examination, as in this instance, may go beyond the examination, taken as a whole, and review the validity of individual questions in light of their accompanying answers. We agree.

[1, 2] In reviewing the actions of administrative agencies, this court has consistently followed the rule established in *Reiger v. Seattle*, 57 Wn.2d 651, 359 P.2d 151 (1961), wherein we stated on page 653:

[T]he judiciary will only review the actions of an administrative agency to determine if its *conclusions* may be said to be, *as a matter of law*, arbitrary, capricious, or contrary to law.

(First italics ours.) The Commission contends that this scope of review is limited to determining whether the examination, taken as a whole, is competitive and fair. They argue that the action of the trial court, by considering individual questions, was paramount to usurping the discretionary function reserved to the agency. This argument misconstrues the action taken by the trial court, for it did not attempt to act in a supervisory capacity nor did it substitute its beliefs for that of the Commission. The trial court merely complied with the general rule as stated above. This is clear when one considers that the nature of the *conclusions* made by an agency vary depending upon the particular function being carried out within the ambit of their authority. In this case we are dealing with the testing of candidates seeking promotion. King County Civil Service rule 9.5, as it relates to promotional examinations, provides that

protests relating to any subject as being unfair, ambiguous or answering either way, or the *correctness of the proposed "key" answers*, must be filed, in writing, within five days after examination is held.

(Italics ours.) Additionally, rule 9.5.1 establishes a procedure by which the Commission will review protests on specific questions raised by the examination candidates. Therefore, the decisions or conclusions which the court is authorized to review, under the rule enunciated in the *Reiger* case, necessarily covers the individual questions considered by the Commission during its statutorily sanctioned review proceeding. Since the plaintiffs complied

with the King County Civil Service rules, as stated above, thereby preserving their right to review, we hold that the trial court was within its jurisdictional confines when it reviewed the validity of specific questions and their accompanying "key" answers.

The plaintiffs next contend that the Commission erred in accepting only McCann's "key" answer to question No. 26, and that their concomitant refusal to accept the answer marked by the plaintiffs was arbitrary and capricious. We agree.

■ The rule established by this court and consistently adhered to is that a decision of an administrative agency will be reversed where it is clear that the agency's determination is contrary to existing law, or where there is room for only one opinion, and the agency's belief is so unsupportable that it can only be designated as arbitrary and capricious. *Reiger v. Seattle, supra; DuPont-Fort Lewis School Dist. 7 v. Bruno*, 79 Wn.2d 736, 489 P.2d 171 (1971).

■ Question No. 26 called for the candidates to determine whether the violation of an old and rarely enforced statute constituted a crime according to modern police authorities. The Commission contends that the question is implicitly qualified into a consideration of whether the given conduct was criminal in the *true sense of the word*. The Commission points out that their preference for the answer stating a crime had not been committed finds support in the reference material supplied to the candidates by McCann, which stated: "Outdated statutes . . . may no longer be 'crimes' in the true sense of the word simply because they are no longer enforced by the police or the courts." The Commission argues that the very presence of this statement in the reference material demonstrates a rational and objective basis for their acceptance of the "key" answer and that, even though the court may disagree, administrative actions are not arbitrary and capricious where there is room for two opinions. If the question had been conditionally phrased, as is suggested, the argu-

ments of the Commission would have merit. However, the question inquired whether the given situation *"is a crime,"* raising an issue of law, not policy. The plaintiffs marked that response which stated that this was a crime since there was a violation of an existing statute, and therefore, the answer demanded by the Commission was contrary to law. We agree with the plaintiffs.

RCW 9.01.020 states in part: "A crime is an act or omission forbidden by law and punishable upon conviction . . ." The frequency with which a given statutory crime is enforced is immaterial in determining whether the particular conduct in question is criminal. A crime is that which is statutorily forbidden (RCW 9.01.020), and enforcement officials do not have the authority to *designate* certain activity as not constituting a crime merely because the statute is old and not usually enforced. The word "crime" is defined by statute, not by the degree of enforcement. We hold that in light of the explicit and definitive nature of the question, the plaintiffs' answer was correct as a matter of law, and that the law leaves no room for more than one opinion. Therefore, the Commission's decision to accept only the "key" answer was arbitrary and capricious.

■ Finally, the Commission contends that to grant relief to the plaintiffs and not afford similar relief to other candidates similarly situated would constitute discrimination. This is without merit. The plaintiffs only needed credit for one more question in order to pass the examination. The trial court held that the plaintiffs were to "receive credit for their answers to said questions, *solely for the purpose of having passed said written examination but for no other purpose.*" (Italics ours.) The plaintiffs' scores were left unaffected. The court's order merely allowed the plaintiffs to be eligible for promotional considerations; it did not deprive any other candidate of the same right. All interested persons were given numerous opportunities to join in the action and they chose to decline. Therefore, we fail to see how any interested person could have been discriminated against.

. In light of our disposition of the issues raised, we reverse the decision of the Court of Appeals and reinstate the judgment of the Superior Court.

HALE, C.J., and ROSELLINI, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.

FINLEY, J. (dissenting)—I am considerably less certain than the majority that the issue in this case involves a question of law rather than one of policy. However, whether a question of law or one of policy, I am convinced the opinion of the Court of Appeals in *Helland v. King County Civil Serv. Comm'n,* 10 Wn. App. 683, 519 P.2d 258, is a well-reasoned one and reaches a better result than the majority opinion of our court.

Among other things, the opinion of the Court of Appeals states at pages 686-87:

> The trial judge properly recognized that his limited function was to review the action of the defendant civil service commission *only* "to determine if its [rejection of plaintiffs' challenge] may be said to be, *as a matter of law*,. arbitrary, capricious, or contrary to law." *Reiger v. Seattle, supra* at ¨653 [57 Wn.2d 651, ¨359 P.2d 151 (1961)]. The judiciary's ·responsibility to determine whether an administrative body has acted arbitrarily and ·capriciously neither carries with· it the power nor .imposes the obligation to *supervise* administrative functioning. *Reiger v. Seattle, supra.*
> . . . .
> Arbitrary and capricious action has· been defined as : willful· and unreasoning action, without consideration or regard· for facts or circumstances. *Lillions v. Gibbs,* 47 Wn.2d 629, 633, 289 P.2d 203 (1955). A finding of fact made without evidence to support it and a conclusion : based upon such a. finding is arbitrary. *State ex rel. Tidewater-Shaver Barge Lines v. Kuykendall,* 42 Wn.2d 885, 259 P.2d 838 (1953). But where there is evidence to support a finding and
>> [w]here there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be be- lieved that an erroneous conclusion has been reached.

*Smith v. Hollenbeck,* 48 Wn.2d 461, 464, 294 P.2d 921 (1956). *Accord, Miller v. Tacoma,* 61 Wn.2d 374, 390, 378 P.2d 464 (1963).

Our independent review of the examination and the reference material reveals that the choice of answers to the challenged questions necessarily involved subjective as well as objective considerations. There was "room" for varying opinions as to the best answer. The record of the hearing discloses that the commission understood and carefully considered plaintiffs' challenges. Nothing in the record even hints that the commission acted other than honestly and with due consideration. The decision of the commission in rejecting plaintiffs' challenge was not arbitrary or capricious.

I would adhere to the opinion of the Court of Appeals denying the plaintiffs' claims and reversing the trial court. For the reasons indicated, I dissent.

UTTER, J., concurs with FINLEY, J.

[No. 43266.   En Banc.   January 2, 1975.]