[No. 3919-1.   Division One.   March 28, 1977.]

MADELINE A. CAIOLA, *Appellant*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Harold Chesnin,* for appellant.

*Slade Gorton, Attorney General,* and *Walter E. White, Assistant,* for respondent.

PER CURIAM.—This is an appeal from an affirmance of a Department of Social and Health Services determination to reduce an AFDC grant to recoup a fraudulent overpayment.

Madeline A. Caiola applied for and received public assistance benefits in the category of Aid to Families with Dependent Children for a two–person household, which consisted of Ms. Caiola and her 3–year–old daughter, from February 1972 through June 1972. Ms. Caiola was subsequently married. Her husband moved in with her and her daughter, and worked periodically after moving in. Ms. Caiola also went to work after her marriage. None of these new developments were reported promptly to the department.

Sometime after the husband moved out of the Caiola household, Ms. Caiola called the department and informed them of the prior unreported events. On March 3, 1973, Ms. Caiola was advised that an overpayment of public assistance was established in the amount of $1,325 as a result of fraud. Ms. Caiola acknowledged that assistance was received when not eligible, but she disputed that it was a fraudulent overpayment. Ms. Caiola was notified by the department that the AFDC grant was to be reduced by 10 percent until a mandatory recoupment of 125 percent of all assistance paid during the period in question was recovered. Ms. Caiola requested and received a hearing concerning whether her failure to notify the department constituted fraud and whether, in any event, a mandatory deduction of 10 percent could be recovered from the AFDC grant. The department concluded in an administrative decision that fraud had been committed and that it could recoup its loss through a mandatory deduction.

Ms. Caiola filed a petition for review with the trial court. The trial court affirmed the department determination and entered findings of fact stating in part:

> 2.4 Appellant in the fair hearing admitted willfully withholding the information regarding her income and eligibility to receive payment of an AFDC grant from the Department of Social and Health Services for the period in question and in the amounts alleged by the Department.

Ms. Caiola now appeals.

## I. JUDICIAL REVIEW

▇ Judicial review of an administrative decision is governed by RCW 34.04.130. *Schuffenhauer v. Department of Employment Security,* 86 Wn.2d 233, 543 P.2d 343 (1975). To overturn the department's determination, we must find that it acted arbitrarily and capriciously. A finding by an administrative body can be held to be arbitrary and capricious only if there is no support for it in the record and it is a willful and unreasonable action in disregard of facts and

circumstances. *Smith v. Hollenbeck*, 48 Wn.2d 461, 464, 294 P.2d 921 (1956).

In light of the above standard of review, the issues raised are (1) whether the overpayment was fraudulent; (2) are deductions from an AFDC grant a penalty for the beneficiary–child and are they authorized; and (3) is the State authorized in recouping 125 percent of the overpayment, 25 percent of which is a penalty.

## II. Fraudulent Overpayment

Evidence on the record shows Ms. Caiola did not report (1) the fact of remarriage, (2) the fact of an employed husband, or (3) the fact of self–employment until 1 month after her husband left the household. Ms. Caiola admits these facts, yet contends her husband coerced her into not reporting and that therefore her actions were not voluntary, but were done under duress. The trial court rejected this contention and found instead that Ms. Caiola willfully withheld information and intended to deceive the department. The pertinent administrative regulation on this point is WAC 388–44–020, which reads in pertinent part:

> When a local office finds that an applicant or recipient has misstated or failed to reveal any material fact affecting eligibility or need, it shall presume that such act was done intentionally.

The department ruled that the bare allegation of duress was not sufficient to rebut the presumption of an intentional deception on Ms. Caiola's part. As a result of the deceit and concealment of the recipient, she was paid $1,060 more than she was entitled to receive. The evidence of this was clear, cogent and convincing, and fraud as defined under RCW 74.04.300 was established. In light of the record, we find no basis for substituting our judgment for that of the department.

## III. Child–Recipient Is Not Penalized

The petitioner contends she is merely an agent for the Department of Social and Health Services for the exclusive purpose of providing the dependent child with

appropriate financial support under the AFDC program, and therefore that to allow the department to deduct moneys from the AFDC grant would be to penalize the child–recipient and subvert the purpose of the whole AFDC program. This contention is rejected. An AFDC grant is determined on the basis of an "assistance unit" pursuant to RCW 74.12.010.[1] This "assistance unit" consists of *both* the dependent child and the needy parent or relative with whom the child lives. The department's proposed reduction in the AFDC grant, authorized by RCW 74.04.300 and

---

[1]RCW 74.12.010 reads:

"For the purposes of the administration of aid to families with dependent children assistance, the term 'dependent child' means any child in need under the age of eighteen years who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of the parent, and who is with his father, mother, grandmother, grandfather, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his or their homes. The term a 'dependent child' shall, notwithstanding the foregoing, also include a child who would meet such requirements except for his removal after April 30, 1961, from the home of a relative specified above as a result of a judicial determination that continuation therein would be contrary to the welfare of such child, for whose placement and care the state department of social and health services or the county office is responsible, and who has been placed in a licensed or approved child care institution or foster home as a result of such determination and who: (1) Was receiving an aid to families with dependent children grant for the month in which court proceedings leading to such determination were initiated; or (2) would have received aid to families with dependent children for such month if application had been made therefor; or (3) in the case of a child who had been living with a specified relative within six months prior to the month in which such proceedings were initiated, would have received aid to families with dependent children for such month if in such month he had been living with such a relative and application had been made therefor, as authorized by the Social Security Act: *Provided,* That the director shall have discretion to provide that aid to families with dependent children assistance shall be available to any child in need who has been deprived of parental support or care by reason of the unemployment of a parent or stepparent liable under this chapter for the support of such child, to the extent that matching funds are available from the federal government.

"'Aid to families with dependent children' means money payments, services and remedial care with respect to a dependent child or dependent children and the needy parent or relative with whom the child lives and may include the spouse of such relative if living with him and if such relative is the child's parent and the child is a dependent child by reason of the physical or mental incapacity or unemployment of a parent or stepparent liable under this chapter for the support of such child."

WAC 388–44–035,[2] would still leave a larger amount than that allowed for a child living with a relative who was *not* in need. The standards of WAC 388–28–140 as it then read were not violated since sufficient aid was available for the food, shelter and household maintenance of the dependent child so long as the recipient petitioner properly applied the awarded allotment. As a result, the child is not being penalized here, for the lawful authorization for the child remains the same.

IV. AUTHORIZATION OF THE RECOUPMENT

■ Petitioner asserts that the State lacks authority to recoup from her any funds other than the actual overpayment made. This assertion is also rejected. RCW 74.04.300 and the department's regulations were consistent with both federal regulations and with *National Welfare Rights Organization v. Weinberger,* 377 F. Supp. 861 (D.D.C. 1974). In that case a regulation of the Department of Health, Education and Welfare permitting recoupment by state agencies was struck down because the procedure was based upon the unwarranted presumption that income and resources were available when in fact they might not be. The opinion included the trial court's order, which specifically permitted the recoupment of overpayments where they had been secured by the recipient's willful withholding of information on income or resources. *Evans v. Department of Social Servs.,* 22 Mich. App. 633, 178 N.W.2d 173

---

[2]WAC 388–44–035 reads:

"OVERPAYMENT—DUE TO FACTORS OTHER THAN NEED. (1) The amount of the overpayment to an individual who is ineligible for reasons other than financial need shall be determined as follows.

"(a) If assistance is obtained as a result of a willful act of the recipient to deceive the department, the overpayment shall be 125 per cent of the amount of assistance, including medical care, to which he was not entitled during such period of ineligibility.

"(b) If no willful act to deceive is involved, the overpayment shall be the amount of assistance, including medical care, to which he was not entitled during the period of ineligibility, provided that such overpayment shall be reduced by the amount of assistance that the recipient would have been eligible to receive during the period of ineligibility from any other category of assistance."

(1970), cited by petitioner as authority for her assertion, is distinguishable in that it concerned a statute that, contrary to the provisions on fraud in RCW 74.04.300, allowed cancellation or revocation of assistance without any "cause" guidelines.

The decision of the department has not been shown to have been arbitrary, capricious, or clearly erroneous. The judgment is affirmed.

Petition for rehearing denied June 16, 1977.