[No. 29231. Department One. April 25, 1944.]

THE STATE OF WASHINGTON, *Appellant*, v. GUARANTY TRUST COMPANY OF YAKIMA, *as Administrator, Respondent.*[1]

[1]Reported in 148 P. (2d) 323.

*The Attorney General, Phil H. Gallagher,* and *Pat Guimont, Assistants,* for appellant.

*Velikanje & Velikanje,* for respondent.

GRADY, J.—This action was brought by the state against the Guaranty Trust Company of Yakima, administrator of the estate of John Hall, deceased, to recover the sum of one hundred dollars paid by the state to defray the funeral expenses of the decedent, who, up to the time of his death, had been the recipient of a senior citizens grant, and, by a second cause of action, to secure a declaratory judgment directing that payment of funeral expenses of deceased recipients of senior citizens grants is not authorized when the estates of the deceased recipients are sufficient to defray funeral expenses.

The administrator filed a demurrer to the amended complaint, the ground being that it did not state facts sufficient to constitute a cause of action. The court entered an order sustaining the demurrer, and, plaintiff having refused to plead further, the two causes of action were dismissed. The state appeals from the judgment of dismissal.

The amended complaint, so far as is necessary to be considered here, alleged that John Hall, a senior citizen who had been the recipient of a grant, died leaving an estate sufficient to defray the costs of his funeral over and above the expenses of his last sickness and of the administration of his estate; that the state had paid the funeral director the sum of one hundred dollars, and later filed an estate claim for its refund, which the administrator rejected; that, when the payment was made, the state had not been informed that the estate of the decedent would be sufficient to pay the funeral expenses; and that such payment was unlawful in that it was in violation of § 5 of Art. VIII of the state constitution.

There are two questions before the court on this appeal: (1) Can the state recover what it has paid to defray the funeral expenses of a deceased senior citizen who leaves an estate sufficient therefor? (2) Can the state join a second

cause of action for a declaratory judgment adjudging that it is not required to pay the funeral expenses of deceased senior citizens, as provided by § 13, p. 10, of chapter 1 of the Laws of 1941 (Rem. Supp. 1941, § 9998-46), if the decedents leave estates sufficient therefor?

The respondent contends that, inasmuch as the first cause of action is one for the recovery of money paid, and there are no facts pleaded upon which a constitutional question can be based, there is no such question before the court. We think, however, that, if a custodian of public funds pays them out in the face of a constitutional inhibition, it is sufficient, in an action to recover such funds, to plead the facts surrounding the payment; and, if it follows as a conclusion of law that the payment was unlawful, because by so doing there was a violation of the constitution, a constitutional question is raised without specifically alleging such was the reason recovery was sought, or to allege, by way of a conclusion, that the payment was in violation of the constitution.

The first cause of action alleges that, at the time of his death, the senior citizen had property sufficient to defray his funeral expenses, and that the state paid such expenses to the extent of one hundred dollars, for which a claim was filed against his estate and rejected. If such payment was contrary to the constitution, it was not only the right but also the duty of the state to recover it by judicial proceedings, and a plea of the foregoing facts enabled the state to urge, as the legal reason for recovery, that the payment was made in violation of the constitution.

Sometime prior to his death, the senior citizen had been awarded a grant pursuant to the senior citizens grant act of 1941, and the grant was in effect at the time of his demise. We must presume that whatever property he had when the grant was made and any he may have acquired subsequently were of such character as not to be deemed a resource or income as defined by the act, as otherwise the grant would not have been made or continued in force.

By § 13 of the act, upon the death of any recipient under

it, funeral expenses in the sum of one hundred dollars shall be paid by the department of social security. Taking the act as it reads, it expresses the intention that, in addition to the grant payable each month, funeral expenses to the extent of one hundred dollars shall be paid upon the death of the senior citizen, and the only escape from making such payment would be some constitutional inhibition.

In *Morgan v. Department of Social Security,* 14 Wn. (2d) 156, 127 P. (2d) 686, it was contended that the act was unconstitutional for the reason that it purports to benefit private individuals who are not in need. There are two constitutional provisions that relate to the use of public funds and which bear upon the question of aid to individuals by the use of public funds:

Section 5 of Art. VIII: "CREDIT NOT TO BE LOANED.—The credit of the state shall not, in any manner, be given or loaned to or in aid of any individual, association, company, or corporation."

Section 7 of Art. VIII: "CREDIT NOT TO BE LOANED.—No county, city, town, or other municipal corporation shall hereafter give any money or property, or loan its money or credit, to or in aid of any individual, association, company, or corporation, except for the necessary support of the poor and infirm, or become directly or indirectly the owner of any stock in or bonds of any association, company, or corporation."

In answer to the contention made, and having in mind these constitutional provisions, we said, p. 169:

"In support of the contention that the entire act is void, it is argued that the act purports to benefit private individuals who are not in need. The support of the poor and needy is a recognized public governmental function. If the act by its terms purports to relieve persons not in actual need, it might well be challenged upon constitutional grounds, but while the 'declaration of intent,' *supra,* contains a statement, *arguendo,* that need is not the only, or the best, basis for an old-age pension, the latter portion of the declaration shows beyond question that the act as drawn operates for the benefit of persons 'without resources and income,' or upon a basis of need alone. Con-

sidering the entire act, we hold that no person who is not in. need may be a beneficiary thereunder."

While it might be urged with much force that, as a mat-ter of strict constitutional construction, state funds cannot be used to aid needy persons, and that this must be done, if at all, by the enumerated political subdivisions of the state, yet we did not make such distinction in the *Morgan* case, but seemingly adopted the view that the "recognized public governmental functions" applied to the state in its sovereign capacity as well as to its political subdivisions; and, for the purposes of this case, we will so regard the state with reference to the senior citizens grant act.

It will be seen from what we have said in deciding the *Morgan* case that the only legal justification for the aid of citzens of the state is that those aided must be without resources or income and upon the basis of need alone. The lawmaking power of the state has the authority, within reasonable limitations, to declare what shall be deemed a resource or income, and it has done so in the act.

Under the act, a senior citizen may have quite a sub-stantial amount of property of the excepted kind and still be regarded as a needy person and hence entitled to a grant. It seems quite clear to us, however, that the same justification for the use of public funds for payment of funeral expenses must exist, and that there must be a need before such expenditure as is provided for by § 13 of the act can be made. The exceptions in the definition of "resources" and "income" necessarily are personal to the senior citizen and are not intended to be for the benefit of those who may inherit the property he may have had at the time of his death; however, in making this statement, we do not intend to decide what may be the rule to be applied in case any surviving spouse, heir, or devisee acquiring such property should, nevertheless, claim to be a senior citizen entitled to a grant, as the question is excluded by the allegations of the complaint.

It is our opinion that, in so far as § 13 of the act may be said to apply to senior citizens who die and leave property

sufficient to defray their funeral expenses after payment of the expenses of their last sickness and the administration of their estates, it is unconstitutional; and that, if it appears that a senior citizen dies and leaves such property sufficient to defray his funeral expenses, the state is not required to contribute except when the available property is not wholly sufficient to defray the entire and reasonable funeral expenses, and then the deficit must be met by the state pursuant to § 13 of the act.

It is contended by respondent that payment of the funeral expenses to the extent of one hundred dollars was, in any event, one made by mistake of law and therefore cannot be recovered.

■ We think it is unnecessary for us to consider here the rules of law and the exceptions relating to voluntary payments made under either a mistake of fact or of law or as to the distinction to be found in some of the cases between payments made by a public corporation in its proprietary or governmental capacity, as it seems to us, in view of our holding that the payment in question was in violation of the constitution, the right to recover it from the estate of the decedent must follow on the principle that there may be a recovery of public money paid in violation of law. *State ex rel. Grant Smith & Co. v. Seatte*, 74 Wash. 438, 133 Pac. 1005; *Pacific County v. Willapa Harbor Pub. Co.*, 88 Wash. 562, 153 Pac. 360; *Norfolk County v. Cook*, 211 Mass. 390, 97 N. E. 778, Ann. Cas. 1913B, 650; *Lamar Township v. Lamar*, 261 Mo. 171, 169 S. W. 12, Ann. Cas. 1916D, 740.

The principle underlying this rule is that public funds are trust funds, and the public agents who handle and pay the funds out do not have authority to pay them to anyone when the law forbids such payment. Our constitution, as we construe it, forbids the use of public funds to aid any person unless he is in need, and, as we have held, if a senior citizen having a grant dies leaving an estate, there is not then existing the need that the act contemplates, and money paid for funeral expenses, other than as herein referred to, is a payment made contrary to law.

In view of what we have decided, we do not think it

is necessary to determine whether the appellant may join with its first cause of action a second one seeking a declaratory judgment directing that payment of funeral expenses of deceased recipients of senior citizen grants is not authorized when their estates are sufficient to defray them.

The judgment is reversed and the case remanded, with direction to the trial court to overrule the demurrer to the first cause of action.

SIMPSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.

