[No. 41827.    En Banc.    December 2, 1971.]

MARY A. NEWBURY, *Respondent,* v. THE STATE DEPARTMENT OF PUBLIC ASSISTANCE, *Appellant.*

*Slade Gorton, Attorney General,* and *Robert M. Mc-Donald, Assistant,* for appellant.

*Schumacher & Charette,* by *David Foscue,* for respondent.

NEILL, J.—The Department of Public Assistance[1] denied the application of Mrs. Newbury for public assistance on grounds that she had resources constituting excess property under the statutes and regulations. At a departmental hearing held pursuant to RCW 74.08.070, a letter of appraisal was admitted over applicant's objection. The letter was

_____

[1]The department was abolished by RCW 43.20A.500 and its functions transferred to the Department of Social and Health Services. RCW 43.20A.030.

14

admitted to show that the department had requested and obtained an appraisal of Mrs. Newbury's property, not to prove its contents. The record establishes that Mrs. Newbury is without income and is in need as that term is commonly understood.

From the evidence adduced at the departmental hearing, the director determined that Mrs. Newbury's application had been properly denied. He found that Mrs. Newbury owned 25 acres of excess (nonexempt) property worth approximately $400 per acre. The specifics as to amount of excess property and value thereof could only have been based upon the contents of the appraisal letter.

On appeal pursuant to RCW 74.08.080, the superior court reversed the department. Its judgment was based upon findings and conclusions that (1) findings and conclusions entered after the administrative hearing were not based upon evidence properly in the record; and (2) other testimony in the record as to the determination of excess property is vague and insufficient.

On this appeal, the department contends that, whatever the probative impact of the appraisal letter, the record at the administrative hearing contains sufficient other evidence on which to premise a finding of excess property. We agree.

The only evidence before the superior court was the record of the administrative hearing. This court will evaluate the same evidence. *Smith v. Hollenbeck*, 48 Wn.2d 461, 294 P.2d 921 (1956). That record, without reference to the letter of appraisal, contains substantial support for the director's finding that Mrs. Newbury owns excess property. The public records show the applicant holds title to approximately 30 acres of realty. There was evidence of a prior sale by applicant of seven adjoining acres for over $3,000. In addition, a caseworker's interview with the applicant disclosed that only slight use was made of the property immediately next to her residence and that no use whatever was made of the additional acreage. The interview also disclosed that the applicant had refused an offer of $5,000 for the entire tract, and continued in her refusal to

offer the property for sale. Public tax records indicate that the improvements on the property (dwelling) were worth only a few hundred dollars. At the departmental hearing, Mrs. Newbury testified that she could sell the property if she had to and that in her view the property was worth more than the amount indicated in the appraisal letter.

The record thus demonstrates that Mrs. Newbury owns salable, nonexempt resources having a value in excess of her basic monthly need. The applicant's testimony and other evidence show conclusively that a substantial portion of the applicant's real property is not being used by her nor does she anticipate using it.

█ █ It is suggested by applicant that the department cannot properly make any determination of ineligibility due to excess property until it has first established the precise extent and value of the excess. We disagree. The statutory and regulatory scheme of public assistance requires the department to proceed promptly and diligently in determining whether an applicant is eligible, and to assist an applicant who is not reasonably able to do so himself in clarifying his eligibility. This duty, however, does not relieve an applicant of the primary and ultimate burden of establishing eligibility for public assistance. WAC 388-28-400(5), *infra. See Smith v. Hollenbeck, supra.*

The first prerequisite to eligibility for public assistance is that the applicant be "in need." RCW 74.08.025(1). *See* Const. art. 8, § 5, and *State v. Guaranty Trust Co.,* 20 Wn.2d 588, 148 P.2d 323 (1944). "Need" is defined in RCW 74.04.005(13) as

[t]he difference between the applicant's or recipient's cost of requirements for himself and the dependent members of his family, as measured by the standards of the department, and value of all nonexempt resources and nonexempt net income received by or available to the applicant or recipient and the dependent members of his family.

RCW 74.04.005(11) defines "resource" as

[a]ny asset, tangible or intangible, owned by or available to the applicant at the time of application, which can be

applied toward meeting the applicant's need, either directly or by conversion into money or its equivalent: *Provided,* That an applicant may retain the following described resources and not be ineligible for public assistance because of such resources.

(a) A home, which is defined as real property owned and used by an applicant or recipient as a place of residence, together with a reasonable amount of property surrounding and contiguous thereto, which is used by and useful to the applicant.

Title 388 of the Washington Administrative Code sets forth the rules and regulations of the department adopted pursuant to statutory authority. RCW 74.08.090.

WAC 388-28-400 (5) provides:

(a) If there is evidence that the applicant has a resource but there is also some doubt about this or about its value, the applicant is responsible for clarifying the data to the extent of his ability to do so. Without such clarification continuing eligibility cannot be established.

. . .

(c) If the applicant is handicapped in his ability to clarify his eligibility, the CO [county office] shall assist him to do so.

WAC 388-22-020 provides:

(5) The most readily available sources of information shall be used.
    (a) The applicant is the first source of information in determining eligibility since he is the one most familiar with his own circumstances. He is informed about the kind of information needed and his obligation to secure this himself wherever reasonably possible.
    (b) If the applicant is not in immediate possession of the necessary facts, he may be able to make them available to the LO [local office] later if he knows what is necessary. The local office assists him to do this when such assistance is reasonably required.
(6) Unless otherwise specifically required by department rule, the applicant's statements of his circumstances relating to eligibility shall be accepted as establishing his eligibility or ineligibility with-

out further corroboration unless the local office has reasonable doubt about the correctness of such statements.

(7) When reasonable doubt exists the local office shall remove such doubts, if possible, by obtaining substantiating evidence from other sources. . . .

    (a) Consent of the applicant is not required when public records are used for this purpose.

.  .  .

(8) If reasonable doubt of eligibility is not removed, eligibility cannot be affirmed. . . .

.  .  .

(13) The investigation process shall be terminated at the point where substantial proof of the factors in question has been secured.

An applicant's home, together with a reasonable amount of property surrounding and contiguous thereto, including property normally considered and used as a part of a home, is an exempt resource. WAC 388-28-420. Any real property owned by an applicant, other than the home, is a nonexempt resource in the amount of the quick sale value if sale is possible. WAC 388-28-455(1).

A determination that the applicant is possessed of excess resources, thus rendering her ineligible for continuing public assistance, does not automatically disqualify her from all assistance. Applicants who are unable to convert excess resources into cash are not necessarily deprived of assistance as they may be eligible under WAC 388-28-455(2)(b).[2] Further, the regulations permit temporary as-

---

[2] "WAC 388-28-455—Real Property—Nonexempt. (1) Any real property other than the home (including life estate not occupied as a home) shall be considered a nonexempt resource in the amount of: (a) the quick sale value if sale is possible, or (b) the income from rental or lease if sale is not possible.

"(2) However, exception to the policy in (1) above may be made under the following conditions:

"(a) Although the property has a sale value, its rental or lease is more practical. Lack of separate entry to the property and other such considerations may force the sale of the property only at unreasonable sacrifice in view of its higher value if held as a part of the home property, or in view of the income which could be realized from rent or lease. In such cases property rented or leased within a reasonable

sistance to be granted during a reasonable period for clarifying value of the applicant's resources. WAC 388-28-400(6).

In light of these latter regulations, Mrs. Newbury may be eligible for some category of public assistance should she comply therewith. Thus, although we agree with the department's determination that she has failed to qualify for continuing assistance because of ownership of excess property, nothing herein militates against her filing a new application and pursuing her right to assistance upon compliance with the regulations pertaining to temporary assistance pending the conversion of ascertained excess resources into money with which to meet her needs.

In view of this conclusion, we need not review the trial court's ruling that the contents of the appraisal letter were improperly considered.

Reversed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, STAFFORD, SHARP, and WRIGHT, JJ., concur.

---

period of time and continued as such may be retained as a part of the home. If not rented or leased it is a nonexempt resource. The exception is made on an individual case basis by the CO administrator.

"(b) If an applicant has used reasonable diligence in seeking a purchaser, renter or lessee of his nonexempt real property or life estate but is unable to sell, rent or lease the property at any price, no resource value exists pending any change which might give value to the item.

"(c) WAC 388-28-400 should be reviewed in connection with these situations."