### Catherine Vigario v. Department of Social Welfare

[436 A.2d 768]

No. 328-80

Present: Barney, C.J., Larrow, Billings and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed September 1, 1981

*Wendy Morgan,* Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*John J. Easton, Jr.,* Attorney General, Montpelier, and *Michael O. McShane* and *Steven B. McLeod,* Assistant Attorneys General, Waterbury, for Defendant.

**Billings, J.** This is an appeal from a decision of the Human Services Board that it lacked the jurisdiction to hear the appellant Vigario's claim.

The appellant seeks to recover from the Department of Social Welfare (Department) certain expenses she incurred in arranging for her mother's funeral. The appellant's mother was a recipient of benefits under Title XVI of the Social Security Act, and was a person without sufficient assets to cover the cost of her own funeral. Under 33 V.S.A. § 3101, the Department was therefore responsible for arranging and paying for her funeral. The appellant, however, chose to make the funeral arrangements herself as her mother wanted to be buried out of state with her husband. Both before and after her mother's death the appellant spoke with the funeral director to determine what burial expenses might be paid by the Department. The funeral director spoke to an employee of the Department. That employee apparently misinformed the funeral director on a number of the requirements.

The funeral director then told the appellant that the Department would not pay any funeral expenses for the decedent. Although the Department did eventually pay some of the funeral expenses, the appellant claims that because of the misinformation, she incurred expenses she would not have otherwise incurred. The appellant requested that the Department reimburse her for these expenses. The Department refused, and the appellant sought a fair hearing before the Human Services Board (Board). After hearing, the Board dismissed the petition on the grounds that it lacked jurisdiction.

■ The only issue before this Court is whether or not the Board was correct in dismissing the appellant's claim. The jurisdiction of the Board is limited to what is conferred by statute. *Gloss* v. *Delaware & Hudson Railroad*, 135 Vt. 419, 378 A.2d 507 (1977). In this case the Board's jurisdiction is governed by 3 V.S.A. § 3091(a). This section provides in part:

> An applicant for or a recipient of assistance, benefits or social services . . . from the department of social welfare . . . may file a request for a fair hearing with the human services board.

In the situation presented here, the Board would have jurisdiction only if the appellant is an "applicant" for "assistance" or "benefits."

■ 33 V.S.A. § 3101 provides that the Department will arrange and pay for the burial of persons who receive certain forms of public assistance or who lack sufficient assets to pay for their own funerals. The appellant's mother was such a person. Under this section, the only parties who are eligible to receive payments from the Department are funeral directors, § 3101(a)(2), and towns that are required to arrange for burials for persons without assets, § 3101(c). These are the only entities who may apply for or receive payments under this section. The appellant could not receive payments under this section, and could not be considered an applicant for the purpose of 3 V.S.A. § 3091.

■ Even if the appellant could be considered an applicant, the Board would still lack jurisdiction to hear this matter, because the payments sought by the appellant are not "assistance" or "benefits" as those terms are used in 3 V.S.A. § 3091. In its order below the Board noted that the terms "assistance" and "benefits" in that section are "terms of art referring to welfare-type benefits which are to be personally enjoyed by the recipient . . . ." Payments made under 33 V.S.A. § 3101 are not such "welfare-type benefits." The purpose of this section is to assign the responsibility for the burial of certain persons, including recipients of certain kinds of assistance, residents of state institutions, and those without sufficient assets to pay for their own funerals. This section

requires the Department, or in some cases state institutions or towns, to arrange and pay for the burials of these persons, and establishes certain procedures relating to payments for these funerals. As noted above, the section provides for payments by the Department only to funeral directors and towns. It is true that in some cases payments by the Department may help to defray the funeral expenses paid by the relatives of a deceased person when they arrange for burial, but this does not make these relatives recipients of assistance or benefits. Payments in these cases must still be made to a funeral director. 33 V.S.A. § 3101(a)(2). Any financial benefit to the relatives of the deceased is only incidental to the purpose of § 3101.

■■ That these payments are not "welfare-type benefits" for a person such as the appellant is illustrated by the fact that only the status of the decedent is considered in determining whether or not payments shall be made. The status of a person such as the appellant who arranges for the burial of a person without assets is not considered. Assistance programs are characteristically based on the need of the recipient, see, e.g., 33 V.S.A. §§ 2651, 2703, 3004; *Dupler* v. *City of Portland,* 421 F. Supp. 1314 (1976); *Newbury* v. *State Department of Public Assistance,* 80 Wash. 2d 13, 491 P.2d 235 (1971), and the needs of a person such as the appellant are irrelevant under 33 V.S.A. § 3101. Payments under § 3101 are not "assistance" or "benefits" for the purposes of 3 V.S.A. § 3091. As the appellant is not an applicant for assistance or benefits, she is not entitled to a hearing before the Board.

Whether or not the Department may be liable to the appellant for the misinformation supplied by its employee is not before us. We only need decide whether or not the Board is the proper forum for the claim as presented. We hold that it is not. The Board was correct in dismissing the appellant's claim for lack of jurisdiction.

*Affirmed.*