**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**MARCH 31, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STEVENS COUNTY, WASHINGTON EX REL. TIM RASMUSSEN; AND TIM RASMUSSEN, IN HIS OFFICIAL CAPACITY AS PROSECUTING ATTORNEY OF STEVENS COUNTY, WASHINGTON, | ) ) ) ) ) ) ) | No. 37812-8-III |
| Respondents, | ) ) | |
| v. | ) ) | |
| TRAVELERS SURETY AND CASUALTY COMPANY OF AMERICA; AND UNITED STATES FIRE INSURANCE COMPANY, | ) ) ) ) ) | PUBLISHED OPINION |
| Defendants, | ) ) | |
| DONALD L. DASHIELL, IN HIS PERSONAL CAPACITY; WESLEY LEWIS MCCART, IN HIS PERSONAL CAPACITY; AND STEVEN LYNN PARKER, IN HIS PERSONAL CAPACITY, | ) ) ) ) ) ) ) | |
| Appellants. | ) | |

PENNELL, J. — The Washington Constitution prohibits gifts of public funds.

Historically, challenges to improper gifting have involved predisbursement injunctive

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

actions or post payment requests for disgorgement. But when the Stevens County prosecutor suspected the Stevens County Board of Commissioners of improper gifting, he took a novel approach. He sued the commissioners individually, on their official bonds. At the trial court level, the effort was successful. The court granted summary judgment in favor of the prosecutor and held the three commissioners and their sureties financially liable. As a result of the judgment on their bonds, the commissioners were statutorily removed from office.

We reverse. The alleged unconstitutional gifting was not something the Stevens County commissioners did in their individual capacities. It was done collectively by the board as a legislative body. As such, individual bond liability was not available. Furthermore, because the commissioners were not alleged to have been involved in collecting or receiving public funds, they could not be held individually liable on their bonds without some sort of culpable misconduct. No such allegation has been made. The commissioners are therefore entitled to judgment in their favor. The orders on summary judgment are reversed. We remand to vacate the judgment issued against the commissioners and for entry of summary judgment in their favor.

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

BACKGROUND

Donald L. Dashiell, Wesley Lewis McCart, and Steven Lynn Parker served as Stevens County commissioners. Each was elected to office and executed a $20,000 public official bond. The surety for Mr. Dashiell's bond was United States Fire Insurance Company. Mr. McCart and Mr. Parker were both bonded through Travelers Surety and Casualty Company of America.

The bonds all contained identical language, naming the elected commissioners as principals and obliging them to

> faithfully perform the duties of his/her said office or position during the said term, and shall pay over to the persons authorized by law to receive the same all moneys that may come into his/her hands during the said term without fraud or delay, and at the expiration of said term, or in case of his/her resignation or removal from office, shall turn over to his/her successor all records and property which have come into his/her hands, then this obligation to be null and void; otherwise to remain in full force and effect.

Clerk's Papers at 170, 172, 174, 178, 182, 186.

In early 2019, the Office of the Washington State Auditor published a report on a routine accountability audit of Stevens County's financial affairs for the years 2016 and 2017. The auditor opined that three transfers of funds under the county's homeless plan were unallowable gifts of public funds or unallowable uses of restricted funds. The funds

3

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

had been approved by the Stevens County Board of Commissioners pursuant to a public vote.

Armed with the auditor's report, Stevens County Prosecuting Attorney Tim Rasmussen sued on behalf of the county against the commissioners in their personal capacities, and each commissioner's bond surety. The prosecutor alleged the commissioners were individually liable on their bonds for voting to approve unconstitutional gifts.

The trial court agreed with the prosecutor's allegations and concluded on summary judgment that the commissioners and their sureties were liable. The court entered judgment against the commissioners and their sureties for $130,326.25, plus prejudgment interest, taxable costs, and attorney fees. As a result of the judgment against the bonds, the commissioners were statutorily removed from office.

The commissioners now appeal. No appeal has been initiated by the sureties.

ANALYSIS

The central issue before us is whether the county commissioners can be held personally liable on their bonds for official action taken collectively as a board. This is a question of law that we review de novo. *Riddle v. Elofson*, 193 Wn.2d 423, 430, 439 P.3d 647 (2019) (plurality opinion). The Washington Constitution and several statutes are

4

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

relevant to our analysis. When analyzing statutes, our overarching goal is to discern legislative intent. The first and best resource for discerning legislative intent is the language used by the legislature. *In re Estate of Haselwood v. Bremerton Ice Arena, Inc.*, 166 Wn.2d 489, 498, 210 P.3d 308 (2009).

*Governing legal provisions*

The Washington Constitution provides that "[t]he legislature . . . shall provide for the strict accountability of [county] officers for all fees which may be collected by them and for all public moneys which may be paid to them, or officially come into their possession." WASH. CONST. art. XI, § 5. Our state constitution further prohibits counties and other municipalities from gifting public moneys "except for the necessary support of the poor and infirm." WASH. CONST. art. VIII, § 7.

The legislature has adopted multiple statutes guarding against misuse of public funds by county officials. Under RCW 36.16.050, all elected county officials are required to furnish public bonds before entering office, obliging the official to

> faithfully perform the duties of his or her office and account for and pay
> over all money which may come into his or her hands by virtue of his or her
> office, and that he or she, or his or her executors or administrators, will
> deliver to his or her successor safe and undefaced all books, records, papers,
> seals, equipment, and furniture belonging to his or her office.

5

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

The statute sets required bond amounts for various county officials. The amount required of county legislative officials ranges from $5,000 to $25,000, depending on county population. RCW 36.16.050(5).

RCW 36.32.060 further addresses the conditions of a county commissioner's official bond, specifying that the bond shall be payable to the county and "it shall be conditioned that the commissioner shall well and faithfully discharge the duties of his or her office, and not approve, audit, or order paid any illegal, unwarranted, or unjust claim against the county for personal services."

RCW 42.08.020 identifies a method for injured parties to sue a public officer who has forfeited their official bond, providing that an injured party may sue the officer and their surety when the officer forfeits the bond "by official misconduct or neglect of duty."

Under RCW 42.12.010(8), an elected official shall be removed from office when a judgment is obtained against the official "for breach of the condition of his or her official bond."

*Bond liability unavailable for actions taken by the board*

The terminology in the bonds at issue in this case incorporates the conditions required by RCW 36.16.050. Under the language used, a commissioner is bonded in their individual capacity. Separate bonds are taken out for each commissioner. And the

6

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

language in both the bonds and RCW 36.16.050 discusses actions taken by

commissioners with the singular pronouns "his or her" and "he or she."

This reference to the commissioners in their individual capacities is significant.

Washington case law has long recognized that actions taken by a legislative body are

distinct from those taken by individual legislative officials. In *Stoddard v. King County*,

22 Wn.2d 868, 158 P.2d 78 (1945), our Supreme Court held that an individual county

commissioner could not bind a board of county commissioners to a contract. "[A] 'board

of county commissioners can act authoritatively only by resolutions properly spread upon

the minutes and joined in by a majority of the board.'" *Id*. at 882 (quoting *Kelly v.*

*Hamilton*, 76 Wash. 576, 583, 136 P. 1148 (1913)). Conversely, in *State v. Levy*, 8 Wn.2d

630, 649-50, 113 P.2d 306 (1941), the court held that an individual county commissioner

cannot be held liable for actions taken by the board as a body.

The current statutory scheme governing county commissioners reflects the

distinction between individual commissioners and the board acting as a legislative

body. Under Washington law, boards of county commissioners are generally[1] made

up of "three qualified electors, two of whom shall constitute a quorum to do business."

---

[1]Five member commissions are permitted in limited circumstances. *See* RCW 36.32.055-.0558.

7

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

RCW 36.32.010. A board of county commissioners cannot decide a matter with only one vote. RCW 36.32.130. The care for county property and management of county funds is the responsibility of the board as a legislative authority. RCW 36.32.120(6); RCW 36.40.100. Nowhere under Washington law are individual commissioners authorized to make official appropriations.

This is also consistent with how Washington law treats the issue of immunity from suit. When elected officials make legislative decisions as a governing body, their decisions are immune from civil liability. *Miller v. Pacific County*, 91 Wn.2d 744, 747-48, 592 P.2d 639 (1979). Immunity applies "even where the government legislates arbitrarily, with improper motivations, in bad faith, or without making a considered and reasoned policy analysis." *Fabre v. Town of Ruston*, 180 Wn. App. 150, 162, 321 P.3d 1208 (2014) (citing *Miller*, 91 Wn.2d at 746-48)). But when individual members of a legislative body engage in tortious conduct, personal liability can be imposed. *See, e.g.*, RCW 4.24.470; RCW 42.30.120.

Here, the actions complained of were taken by the commissioners as a legislative body. The commissioners approved of the homeless fund expenditures during a regular public meeting, by legislative vote. The commissioners were not acting in their individual capacities when placing their votes. Thus, regardless of whether their votes were ill

8

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

advised or even unconstitutional, their votes did not constitute actions taken by the commissioners in their personal capacities. As such, the propriety of their votes is not something that can make them liable under the terms of their official bonds.

If members of a legislative body vote on a measure that turns out to be illegal, the law allows for remedies. Various measures may be taken to test the constitutionality of legislative action. *See, e.g.*, *Barde v. State*, 90 Wn.2d 470, 584 P.2d 390 (1978) (declaratory action); *State ex rel. Distilled Spirits Inst., Inc. v. Kinnear*, 80 Wn.2d 175, 492 P.2d 1012 (1972) (mandamus). In the case of an unconstitutional gift of public funds, an action may be taken to recover funds from their recipient. *See, e.g.*, *State v. Guar. Trust Co. of Yakima*, 20 Wn.2d 588, 593, 148 P.2d 323 (1944). It may also be possible to recall an elected official based on an unconstitutional discretionary or legislative act. *See, e.g.*, *In re Recall of Burnham*, 194 Wn.2d 68, 78-79, 448 P.3d 747 (2019). But there is no authority for the claim that a legislative official, such as a county commissioner, can be sued personally for official legislative actions.

The fact that an individual commissioner cannot be held liable for legislative actions taken by the board of commissioners does not mean their bonds serve no purpose. Throughout our state's history, public officials have been known to inappropriately receive or possess public funds, despite having no authority to do so. *See Pierce County*

9

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

*ex rel. Dunbar v. Campbell*, 176 Wash. 203, 28 P.2d 785 (1934); *Skagit County v. Am. Bonding Co. of Baltimore*, 59 Wash. 1, 6-7, 109 P. 197 (1910). In those situations, the public was protected by actions taken against the officials' bonds.

The lone reported case involving county commissioners being sued on their bonds follows this historic line of precedent. *See Whatcom County v. Schuman*, 12 Wn.2d 290, 121 P.2d 378 (1942). In *Schuman*, two of Whatcom County's commissioners were involved in backroom sales of county property to private individuals. The sales did not take place through any official vote or appropriation process. The funds received from the sales were never deposited into the county treasury. The two commissioners were found liable on their individual bonds for illegally converting county property.

The Washington Legislature appears to have understood the limited potential of liability for individual county commissioners when setting the amounts of official bonds. RCW 36.16.050(5). Although county boards of commissioners are responsible to legislate over sizeable budgets,[2] individual commissioners must post bonds only in the amount of $5,000 to $25,000, depending on county population. *Id*. This contrasts with

---

[2] For example, the Stevens County budget for 2021 featured revenues of almost $71 million and expenditures of over $78 million. Stevens County Resolution No. 112-2020 (Dec. 31, 2020), https://stevenscountywa.municipalcms.com/files/documents/112-2020Adopting2021BudgetFixingLeviesforCalendarYear2021andprovidingforothermattersproperlyrelatingthereto1374042825010421PM.pdf [https://perma.cc/2HMG-D8EW].

10

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

bonds of other elected county officials who are responsible for accepting and

maintaining public funds. A county clerk and county treasurer are required to post

bonds in an amount deemed to be "double the amount of money liable to come into

his or her hands." RCW 36.16.050(3); *see also* RCW 36.16.050(8).

*Constitutional strict accountability for public funds is not implicated*

The Stevens County prosecutor argues the commissioners must be held liable on

their bonds because the Washington Constitution requires "strict accountability" for

moneys that come into their possession. *See* WASH. CONST. art. XI, § 5. Our cases have

long held that, based on this constitutional provision, "public officials having the official

custody of public funds are insurers." *State ex rel. O'Connell v. Engen*, 60 Wn.2d 52, 55,

371 P.2d 638 (1962). Thus, outside of an "act of God or act of a public enemy" an official

responsible for collecting or possessing public funds is strictly liable for a loss of those

funds. *Id*.

But as relevant here, the Stevens County Board of Commissioners was not a

collector or custodian of public funds. The commissioners were involved in legislatively

authorizing appropriations, but they themselves never handled public money so as to

expose themselves to absolute liability. *Kittitas County v. Travers*, 16 Wash. 528, 529,

48 P. 340 (1897) (The county treasurer "and not the county commissioners, is the

11

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

custodian of the county money."); *O'Connell*, 60 Wash. at 57-58 (Absolute liability applies to a clerk and treasurer as the collector and custodian of funds, but not to a finance commissioner.). *Cf. City of Shelton v. Clapper*, 23 Wn.2d 811, 814, 162 P.2d 445 (1945) (Absolute liability applies to a deputy city treasurer responsible for collecting water rentals.); *Grays Harbor Constr. Co. v. Paulk*, 179 Wash. 300, 301-02, 37 P.2d 584 (1934) (A county clerk is absolutely liable for moneys received per court order and held during pendency of litigation.); *Dunbar*, 176 Wash. 203 (Absolute liability applies when a deputy auditor wrongfully collects money owed to the county treasurer.); *Fairchild v. Hedges*, 14 Wash. 117, 44 P. 125 (1896) (Absolute liability applies to a county treasurer.).[3] The constitutional requirement of strict accountability does not apply here.

*No surety liability against individual commissioners absent misconduct*

Because the county commissioners were not alleged to have directly handled public funds, they could be held individually liable on their bonds only for nonministerial acts upon a finding of abuse of discretion. RCW 42.08.020; *Berge v. Gorton*, 88 Wn.2d 756, 762, 567 P.2d 187 (1977) (Surety liability under RCW 42.08.020 "can only be based

---

[3] It stands to reason that county clerks and county treasurers have higher bonding requirements than other county officials under RCW 36.16.050 precisely because unlike other county officials they are routinely tasked with collecting and possessing public funds.

12

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

upon an abuse of discretion."). Mere errors of judgment or misconstruction of statutes do not meet this standard. *Whatcom County v. Langlie*, 40 Wn.2d 855, 859, 246 P.2d 836 (1952). Instead, liability requires proof not only that the official made an error or mistake, "but that the error or mistake was the product of corrupt or malicious motives." *Berge*, 88 Wn.2d at 762.

The complaint against the individual commissioners does not allege an abuse of discretion as defined above. Instead, the complaint claims the commissioners are subject to strict liability. Thus, even if the complaint had alleged activities taken individually by each commissioner (which it does not) it would be insufficient to justify an action against the commissioners' bonds.

## CONCLUSION

The trial court's orders on summary judgment as to the three county commissioners are reversed. We remand with instructions to vacate the judgment issued against the three commissioners and to grant summary judgment in their favor. Our disposition cannot remedy the fact that the three commissioners were improperly removed from office, but they can at least receive financial relief. Furthermore, future commissioners can be assured that they will not be removed from office and subject to financial liability simply because a court disagrees with the legality of their legislative

13

No. 37812-8-III
*Stevens County ex rel. Rasmussen v. Travelers Sur. & Cas. Co. of Am.*

determinations. While the commissioners are entitled to judgment in their favor, the

judgment against the sureties stands as they are not parties to this appeal.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.

14