[No. 5296–2–II. Division Two. November 24, 1982.]

Prestige Stations, Inc., *Appellant,* v. The Liquor Control Board, *Respondent.*

670

*Alice F. Gustafson,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Jack S. Eng, Assistant,* for respondent.

PETRICH, A.C.J.—Prestige Stations, Inc. (Prestige), appeals dismissal of its petition for review of the Washington State Liquor Control Board's (Board) denial of an initial application for a liquor license. Prestige sought review under the administrative procedure act, RCW 34.04, the statutory writ of review (RCW 7.16.030–.140), and the court's inherent power of review under article 4, section 1 of the state constitution. The Board, responding to an order to show cause why a writ should not issue, contended that Prestige failed to state a claim for relief because the matter is not a contested case and therefore not reviewable under the administrative procedure act; the denial of a liquor license is not a judicial function reviewable under RCW 7.16.040; and the allegations of the petition are insufficient to invoke the court's inherent constitutional power of review since the sale of liquor does not involve a fundamental right and no other violation of a fundamental right

is alleged, even though the Board's action is alleged to be arbitrary, capricious and contrary to law. No issue is raised by the Board as to Prestige's standing to invoke the court's inherent constitutional power of review. The trial court agreed with the Board and dismissed for lack of jurisdiction.

On appeal, Prestige claims the court erred in denying review under the administrative procedure act or alternatively under the court's inherent constitutional power of review.

The issues presented by this appeal are:

1. Whether denial of an initial application for a liquor license is a "contested case" under the administrative procedure act and thus subject to review by the courts.

2. Whether the requirement of a violation of a fundamental right to invoke the court's inherent constitutional power of review is satisfied by a claim that the administrative action is arbitrary, capricious or contrary to law.

We agree with the trial court that denial of an initial application for a liquor license is not a contested case and therefore not subject to judicial review under the administrative procedure act. However, we believe that the fundamental right concept as it applies to the court's inherent power of review is implicit in each instance of administrative action that is arbitrary, capricious or contrary to law since the fundamental right referred to is simply the right to be free from such action. We therefore reverse the judgment.

Prestige owns a combination grocery store and gas station, or "mini–mart," located on Northeast Bellevue–Redmond Road in Bellevue, Washington, which apparently is within 500 feet of a public junior high school. In 1978, Prestige applied for a class E and F liquor license which would authorize it to sell beer and wine for consumption off premises. RCW 66.24.360, .370. As part of the application process the Liquor Control Board solicited comments from the Bellevue School District. In response the district indicated it had no specific policy regarding liquor sales or

liquor licensing in the vicinity of schools, but did have a policy that "any commercial activity within 500 feet of an elementary school and one quarter mile from a junior or senior high school is generally deterimental [sic] to the best interests of school operation." The Liquor Control Board denied the license reasoning:

> Our investigation disclosed that it is not advisable to approve this application, since the Board has information which has been confirmed by school officials, that because of the location this would be determental [sic] to the best interest of the school operation.

Prestige's application was again denied in September 1980, for the same reason. This later denial was followed by the petition for review to the Thurston County Superior Court and this appeal.

ADMINISTRATIVE PROCEDURE ACT

■ The final decision of a state administrative agency is subject to judicial review if the case is a "contested case" as defined by the APA, and if judicial review is not otherwise specifically excluded in the act. RCW 34.04.130, .150; *Herrett Trucking Co. v. State Public Serv. Comm'n*, 58 Wn.2d 542, 364 P.2d 505 (1961).

The APA as originally enacted in 1959 specifically excluded the Liquor Control Board. Laws of 1959, ch. 234, § 15 (current version at RCW 34.04.150). RCW 66.08.150 as originally enacted provided that the action of the Liquor Control Board as to any permit or license was final and not subject to judicial review. Laws of 1933, 1st Ex. Sess., ch. 62, § 62. In 1963, the Legislature amended RCW 34.04.150 to remove the Liquor Control Board from the exclusionary provision of the APA which indicated a "changing legislative policy, recognizing the efficacy of judicial review in a proper case, however 'plenary' the legislative power may be" with respect to intoxicating liquor. *State ex rel. Shannon v. Sponburgh*, 66 Wn.2d 135, 140, 401 P.2d 635 (1965); Laws of 1963, ch. 237. Assuming it was the legislative intent to allow for judicial review, in 1967 the Legislature again

restricted the extent of such review. Whereas prior to 1967 the APA made no reference to licensing in the definition of a contested case, in 1967, RCW 34.04.010(3) defining contested cases was amended to include specifically licensing but referenced liquor license permits:

Contested cases shall also include all cases of licensing and rate making in which an application for a license or rate change is denied *except as limited by RCW 66.08-.150,* or a license is revoked, suspended, or modified, or in which the granting of an application is contested by a person having standing to contest under the law or agency rules.

(Italics ours.) Also in 1967, in this same amendatory act, RCW 66.08.150 was amended to its present form which reads in part:

The action, order or decision of the board as to any denial of an application for the reissuance of a permit or license or as to any revocation, suspension, or modification of any permit or license shall be a contested case and subject to the applicable provisions of chapter 34.04 . . .

The plain meaning of RCW 34.04.010(3) and RCW 66.08.150 is to include in the definition of a "contested case" an application for reissuance, or revocation, suspension, or modification, and to exclude an initial application for a liquor permit. Review of denial of an initial liquor license application is not attainable under the APA.

COURT'S INHERENT POWER OF REVIEW

The judiciary will review agency action under its inherent supervisory capacity, to determine if the agency's conclusions are as a matter of law arbitrary, capricious or contrary to law. *Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 643 P.2d 426 (1982); *State ex rel. Hood v. State Personnel Bd.,* 82 Wn.2d 396, 511 P.2d 52 (1973). In *State ex rel. DuPont–Fort Lewis Sch. Dist. 7 v. Bruno,* 62 Wn.2d 790, 794, 384 P.2d 608 (1963), the court articulated what has been interpreted to be a second element of inherent review, namely, the action must "do violence to a fundamental right."

In the instant case, the trial court dismissed the writ of

review with prejudice for lack of jurisdiction concluding that since there is no fundamental right involved in the denial of a new liquor license application, the allegations that the Board acted arbitrarily and capriciously and in excess of statutory authority are not sufficient to invoke the court's inherent power of review. The trial court correctly noted there is no fundamental right to sell liquor, *Randles v. State Liquor Control Bd.*, 33 Wn.2d 688, 206 P.2d 1209, 9 A.L.R.2d 531 (1949), but understandably misinterpreted the fundamental right requirement.

 In *Wilson v. Nord,* 23 Wn. App. 366, 597 P.2d 914 (1979), we interpreted the fundamental right requirement to be an alternate formation of the illegality requirement where we stated:

> It is sometimes said that the scope of review in non-statutory review cases carries another limitation, namely, that the asserted illegality must involve a "fundamental right." Our reading of the cases espousing this test convinces us that it is not a further limitation on the scope of review, but simply an alternate formulation of the illegality standard set out in *Helland* [*Helland v. King Cy. Civil Serv. Comm'n,* 84 Wn.2d 858, 529 P.2d 1058 (1975)] and *Reiger.* [*Reiger v. Seattle,* 57 Wn.2d 651, 359 P.2d 151 (1961).]
>
> . . .
>
> Thus, the fundamental right limitation boils down to a rule which says that a complainant with standing has a fundamental right to have the agency abide by the constitution, statutes, and regulations which affect the agency's exercise of discretion.

*Wilson v. Nord, supra* at 372–73. Recently, in *Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d at 221–22, the Supreme Court further clarified this fundamental right requirement:

> Some of our recent cases have called for a 2–step process by which to determine whether we should exercise our inherent review powers. Not only must administrative determinations be "arbitrary, capricious or contrary to law", but the determination must also violate so–called "fundamental rights". . . .
>
> While we do not disagree with the analysis in the above cited cases and concur in their result, we believe it

is misleading to consider our inherent review powers as dependent on *separate* determinations of (1) is the decision arbitrary, capricious or contrary to law, and (2) does the decision violate constitutional rights.

In *DuPont,* we introduced the notion of fundamental rights in the context of ascertaining whether inherent review was warranted. . . . In *DuPont* itself, while we referred to "fundamental rights", our analysis reveals the "fundamental right" we examined was only a right not to be subject to administrative action that is arbitrary, capricious or contrary to law.

In *Williams,* at page 222, the court held that teachers had a "legitimate expectation of freedom from arbitrary action, which dictates being treated consistent with the statutes and policies governing their employ." The court characterized this as an "expectation [that] is fundamental." *Williams v. Seattle Sch. Dist. 1, supra* at 223.

Under *Wilson* and now *Williams,* the fundamental right requirement does not require that traditional notions of property or liberty interests be at issue, but is satisfied if the petitioner can show the agency did not act consistent with the statutes and policy by which it is governed. We understand this to mean that if a petitioner alleges facts which, if true, demonstrate the agency acted contrary to its rules and regulations, the court has jurisdiction to examine whether the agency's action is arbitrary, capricious or contrary to law. In deciding whether to grant review a superior court looks to the petitioner's allegations to determine whether, if true, they demonstrate a violation. *King Cy. v. State Bd. of Tax Appeals,* 28 Wn. App. 230, 238, 622 P.2d 898 (1981). It is then necessary for us to review Prestige's petition in the context of the liquor license statute, RCW 66.24.

RCW 66.24.010(2) provides that the Liquor Control Board may in its discretion grant or refuse a liquor license. The Board may inspect the premises and inquire into all matters in connection with the construction and operation of the premises. Under RCW 66.24.010(9), in effect when the application was made in 1980, the Board was required

to consider factors beyond the proposed physical structure of the appellant's facility and its internal operations before the granting of a license. The Board was required to give "due consideration to the location of the business to be conducted under such license with respect to the proximity of churches, schools, and public institutions . . ." "Due consideration," undefined in the act, means to "give such weight or significance to a particular factor as under the circumstances it seems to merit, and this involves discretion." Black's Law Dictionary 589 (4th rev. ed. 1968). *Accord, New York Tel. Co. v. Public Serv. Comm'n,* 309 N.Y. 569, 132 N.E.2d 847 (1956).

Prestige's petition alleges that RCW 66.24.010(9) requires the Board to give due consideration to the location of the *business to be conducted under such license* (which business is the sale of wine and beer) with respect to the proximity of churches, schools, and public institutions; that the Board made its decision to deny the application not with due consideration of the location of the business of dispensing beer and wine with respect to its proximity with churches, schools, and public institutions, but solely because of the school district's objection to any commercial activity near the school, a consideration irrelevant in light of the statute; that Prestige's site is located in an area of ongoing extensive commercial activity which will continue regardless of the approval or denial of the liquor license application; and that the denial based on consideration of the school's irrelevant objection was in excess of the Board's authority and arbitrary and capricious.

We think Prestige has made a prima facie showing for jurisdiction. If it is true that the Liquor Control Board considered the district's objection to commercial activity in a vacuum, without considering it in context such as whether the sale of wine and beer would increase commercial activity to the detriment of the interests of the school, or would somehow change the character of the neighborhood or create additional risks not otherwise present in this already commercial neighborhood, then, especially in view of the

fact the surrounding area is extensively commercial, an argument can be made that the Board did not give such weight or significance as the circumstances seem to merit to the proximity of the mini-mart's sales of beer and wine to the school.

The trial court dismissed this case for lack of jurisdiction. It is our holding that Prestige alleged sufficient facts to invoke the trial court jurisdiction to consider whether the Liquor Control Board acted arbitrarily, capriciously or contrary to law in denying the permit application.

The judgment is reversed and the case remanded to the Superior Court for further proceedings under the court's inherent power of review of the Board's decision.[1]

WORSWICK and GREEN, JJ., concur.

---

[1]We note that the Legislature has amended RCW 66.24.010, presumably making it more difficult to obtain the type of license sought by Prestige in this case. The question of whether the law in effect at the time of the Board's denial or the current law applies will only arise if it shall be determined that the Board's decision is reversed. We decline to pass judgment on which law may govern for the reason that the factual background, now unresolved, may have some bearing on which version applies.