[No. 6347-0-III.   Division Three.   June 25, 1985.]

JOHN SIMONDS, *Respondent,* v. THE CITY OF
KENNEWICK, ET AL, *Appellants.*

*William L. Cameron, City Attorney,* for appellants.

*Kenneth Pedersen* and *Critchlow & Williams,* for respondent.

GREEN, C.J.—The City of Kennewick and its Civil Service Commission appeal a Benton County Superior Court decision declaring a firefighter promotional examination administered December 7, 1982, null and void, and enjoining the Commission from giving effect to it. Two questions are presented: (1) Is the court's denial of the Commission's motion for summary judgment appealable; and (2) was the civil service examination conducted in an arbitrary and capricious manner or contrary to law. We affirm.

Mr. Simonds is a firefighter and paramedic employed by the Kennewick Fire Department. On December 7, 1982, he participated in an examination for promotion to lieutenant. The examination consisted of three parts: (1) a written examination; (2) and oral interview; and (3) an impartial investigation. Mr. Simonds failed the examination.

Mr. Simonds complained to the Commission which admitted in a letter that it did not follow the civil service rules and regulations during the examination. The Commission granted Mr. Simonds a hearing, but adhered to the results of the examination. Mr. Simonds then appealed to the superior court alleging the examination violated RCW 41.08. On June 3, 1983, the court filed a memorandum decision denying the Commission's motion for summary judgment. On January 26, 1984, judgment was entered in favor of Mr. Simonds declaring the promotional exam null

and void and enjoining the Commission from giving effect to it. The Commission appeals.

First, the Commission contends the court erred in denying its motion for summary judgment and since Mr. Simonds did not submit a copy of the Commission's record with his complaint, it should have been dismissed. We disagree.

▆ The denial of a motion for summary judgment is not appealable. *Rye v. Seattle Times Co.*, 37 Wn. App. 45, 52, 678 P.2d 1282 (1984); *Roth v. Bell*, 24 Wn. App. 92, 104, 600 P.2d 602 (1979); Annot., 15 A.L.R.3d 899 (1967).

> While the denial of a motion for summary judgment upon a claim is usually grounded upon the presence of a triable issue of fact, it may rest on other grounds. But no matter what the basis may be for refusing summary judgment, the order of denial is interlocutory and not a final judgment for the claim still remains pending for trial.
>
> (Footnotes omitted.) 6 J. Moore, Federal Practice ¶ 56.21[2] (2d ed. 1965). The issue can be reviewed after trial in an appeal from final judgment.

*Rodin v. O'Beirn*, 3 Wn. App. 327, 332, 474 P.2d 903 (1970). Thus, while the denial of the Commission's motion for summary judgment was not appealable at that time, it may be reviewed now since final judgment has been entered. The trial court considered the allegations in Mr. Simonds' complaint and upon that basis alone decided the issue should be heard rather than be determined by summary judgment. Any procedural infirmities incurred by Mr. Simonds' failure to submit a copy of the Commission's record to the court prior to the summary judgment hearing was cured by the adoption of that record by both sides.

▆▆ The parties raised the question of what standard of review is applicable. There are three avenues of appeal from a decision of an administrative agency: (1) A specific statute authorizes an appeal. *Pierce Cy. Sheriff v. Civil Serv. Comm'n*, 98 Wn.2d 690, 693, 658 P.2d 648 (1983). Here under these facts there is no specific statute as RCW 41.14.120 authorizes an appeal only from an order of

removal, suspension or demotion made by the Commission. (2) A statutory writ of certiorari pursuant to RCW 7.16.040, if the agency is exercising judicial functions. *Pierce Cy. Sheriff v. Civil Serv. Comm'n, supra* at 693. This does not apply here as it has been determined that the function of the Commission in hearing and determining appeals from the results of an examination given to establish an eligibility list for a particular position is nonjudicial in nature and thus not subject to review pursuant to RCW 7.16.040. *Reiger v. Seattle,* 57 Wn.2d 651, 653, 359 P.2d 151 (1961); *In re Harmon,* 52 Wn.2d 118, 120, 323 P.2d 653 (1958); *Green v. Cowlitz Cy. Civil Serv. Comm'n,* 19 Wn. App. 210, 214, 577 P.2d 141 (1978). (3) The court's inherent constitutional power to review "illegal or manifestly arbitrary and capricious action violative of fundamental rights". *State ex rel. DuPont–Ft. Lewis Sch. Dist. 7 v. Bruno,* 62 Wn.2d 790, 794, 384 P.2d 608 (1963). *See Pierce Cy. Sheriff v. Civil Serv. Comm'n, supra,* at 693.

The appeal here involves the exercise of the court's inherent power of review.[1] The scope of that review is limited to determining whether, as a matter of law, the agency's conclusions were arbitrary and capricious or contrary to law. *Pierce Cy. Sheriff v. Civil Serv. Comm'n, supra* at 694; *Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 221, 643 P.2d 426 (1982); *Helland v. King Cy. Civil Serv. Comm'n,* 84 Wn.2d 858, 862, 529 P.2d 1058 (1975); *Stegriy v. King Cy. Board of Appeals,* 39 Wn. App. 346, 350, 693 P.2d 183 (1984); *Kerr–Belmark Constr. Co. v. City Coun.,* 36 Wn. App. 370, 373, 674 P.2d 684 (1984); *Prestige Stations, Inc. v. Liquor Control Bd.,* 33 Wn. App. 669, 673, 657 P.2d 322 (1982); *Leonard v. Civil Serv. Comm'n,* 25 Wn. App. 699, 701, 611 P.2d 1290 (1980).

■■ Arbitrary and capricious is defined as willful and unreasoning action, without consideration and in disregard

---

[1]The administrative procedure act does not apply because a state agency is not involved. RCW 34.04.010(1); *Green v. Cowlitz Cy. Civil Serv. Comm'n, supra* at 218.

of facts and circumstances. Action is not arbitrary and capricious when exercised honestly and upon due consideration of the facts and circumstances and where there is room for two opinions. *Pierce Cy. Sheriff v. Civil Serv. Comm'n, supra* at 695; *Stegriy v. King Cy. Board of Appeals, supra* at 351. An agency acts contrary to law when it fails to abide by the rules which govern it. *Pierce Cy. Sheriff v. Civil Serv. Comm'n, supra* at 694.

Second, the Commission contends its actions surrounding the writing and administering of the examination were neither arbitrary, capricious nor contrary to law. We disagree. RCW 41.08.040 provides:

It shall be the duty of the civil service commission:

. . .

(8) Provide for, formulate and hold competitive tests to determine the relative qualifications of persons who seek employment in any class or position . . .

RCW 41.08.050 provides in part:

The classified civil service and provisions of this chapter shall include all full paid employees of the fire department of each city, town or municipality coming within its purview, including the chief of that department. All appointments to and promotions in said department shall be made solely on merit, efficiency and fitness, which shall be ascertained by *open competitive examination and impartial investigation.*

(Italics ours.) The Kennewick Civil Service Commission Rules and Regulations provide:

RULE VII—EXAMINATIONS
Section 1. Conduct may be delegated.
The Secretary and Chief Examiner shall arrange for the use of public buildings and equipment for conducting of examinations. The commission shall designate [the] person or agency who shall conduct and score the examination and may name therefore, the Bureau of Governmental Research and Services of the University of Washington, or other qualified person or agency.

It is apparent that the examinations are to be administered by the Commission independent of any influence by the department for whom the examination is given. This is

necessary to safeguard the merit system of appointment and promotion. *Yakima v. Yakima Police & Fire Civil Serv. Comm'n,* 29 Wn. App. 756, 761, 631 P.2d 400 (1981).

The record shows: The fire department admits its supervisory personnel prepared 99 percent of the examination. While the written examination was conducted by the Commission's chief examiner, the fire marshal assisted her in grading the exams. The oral interviews were not conducted according to preset standards, *see Stoor v. Seattle,* 44 Wn.2d 405, 267 P.2d 902 (1954). In fact, there were no preset standards, but instead, the interviews were organized by a fire department officer who also sat in on the interviews and assisted in their administration. The impartial investigation phase of the examination was added by Officer Olsen of the fire department. It was conducted by the fire chief who conceded his evaluation of each candidate was not impartial and that favoritism within the department could influence the candidates' grades. This evidence establishes the examination was not impartial as mandated by RCW 41.08.050 and also violated the Commission's own rules and regulations. Thus, the Commission's conduct was arbitrary and capricious and contrary to law.

Affirmed.

MUNSON and THOMPSON, JJ., concur.

Review denied by Supreme Court September 20, 1985.