Tierney, J. .
INTRODUCTION
Plaintiffs Joseph Costa, Thomas Kerle and Alfred Lussier filed this action against State Police Colonel John DiFava seeking a declaration that the appeal process for the written portion of the April 1998 Captain Promotional Examination violated G.L.c. 22C, §25. This matter is before the court on the parties’ cross motions for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons discussed below, the plaintiff s’ motion is ALLOWED and the defendants’ cross motions are DENIED.
BACKGROUND
The undisputed facts as revealed by the summary judgment record are as follows. Plaintiffs Joseph Costa (Costa), Thomas Kerle (Kerle) and Alfred Lussier (Lussier) are Lieutenants in the Massachusetts State Police Department. At all times relevant to this action, Reed Hillman (Hillman) was the Colonel and the highest ranking officer of the State Police. Defendant John DiFava is presently the Colonel of the State Police. Pursuant to G.L.c. 22C, §26, all state police officers seeking a promotion to the rank of Captain are required to participate in a written and oral examination process, from which an eligibility list of candidates is compiled. Candidates are considered for promotion in the order in which they appear on the list. On January 2, 1998, Hillman issued a Special Order announcing a promotional examination for the rank of Captain to be held on April 4, 1998. Attached to the Special Order was a notice setting forth information regarding filing, eligibility and exam particulars. The notice stated that all written examination appeals would be held in accordance with Chapter 22C, section 25; appeals would be submitted to a panel, consisting of staff/commissioned officers and the examination consultant, which would be responsible for making final determinations on all appeals; and the written appeal procedure would be announced subsequent to the completion of the written examination. The eligibility list for promotion to the rank of Captain was to be compiled according to three factors: the written multiple choice test weighted 70 points, the oral board exercise weighted 10 points, and longevity weighted 20 points.
Costa, Kerle and Lussier were each qualified to sit for the examination for a promotion to the rank of Captain, and each took the written portion of the Captain Promotional Examination on April 4, 1998. The written examination, which consisted of 100 multiple choice questions, was created by Industrial Psychologist David Morris of the independent consulting firm Morris & McDaniel, Inc. pursuant to a contract with the State Police. According to Morris, the examination employed accepted techniques of industrial psychology and used content validation methodology to ensure that all questions were job related.
Pursuant to G.L.c. 22C, §25, the Colonel of the State Police established Article 9.1 of the Massachusetts State Police Rules & Regulations entitled, “Regulations Establishing Examination Appeal,” which provides:
The Colonel/Superintendent or his/her designee shall administer the appeals process for recruit entrance examinations and promotional exams as *46 established by Massachusetts State Police Rules, Regulations, Policy, Procedure, Directive or Order and applicable law.
On April 7, 1998, Hillman promulgated a memo entitled, “Exam Scores and Written Appeal Process.” The memo stated, in relevant part:
I would like to remind you that the written appeal process commenced on April 4, 1998 and closes on April 14, 1998. Candidates wishing to file appeals should put them in writing and address them to the Personnel Director, 470 Worcester Road, Framing-ham, MA 01702 . . . Please note that all appeals must be received at the Personnel Section NO LATER THAN TUESDAY, APRIL 14, 1998 at 4:00 PM. Copies of written appeals will be disseminated throughout the department for rebuttal purposes. (The names of appealing candidates will be withheld from this distribution.)
The process for candidates to file rebuttals to appeals commenced on April 5, 1998 and closes on April 16, 1998. All rebuttals must be filed in writing and addressed to the Personnel Director, 470 Worcester Road, Framingham, MA 01702 . . . Please note that all rebuttals must be received at Personnel NO LATER THAN THURSDAY, APRIL 16, 1998 at 4:00 PM. Rebuttals will not be distributed.
On April 9, 1998, Lussier filed an appeal of the written examination challenging questions 1, 2, 3, 4, 5, 6, 7, 14, 24, 37, 39, 44, 48, 54, 56, 57, 63, 70, 71, 74, 76, 85, 87, 91, 93 and 95. On April 13, Kerle filed an appeal of the written examination challenging questions 2, 5, 14, 29, 34, 40, 42, 43, 44, 48, 58, 76, 79, 81 and 87. On April 14, Costa filed an appeal of the written examination challenging questions 14, 42, 43, 44, 48, 51, 66, 76 and 96.
Hillman appointed then-Lieutenant Colonel John DiFava, Major John Kelley and Detective Captain William Brown to review the appeals for the written portion of the Captain Promotional Examination. All members of this Appeals Board (the Board) were required to review all reference materials comprising the subject matter of the examination. On April 20, 1998, the Board met and reviewed all appeals filed by candidates who sat for the written examination. Each member of the Board had copies of all reference materials during the deliberations. The Board reviewed appeals to 48 separate questions, using the following four criteria to determine whether a particular question was valid:
1. Was the question drawn from the correct source materials?
2. Is the question stated as the source stated it?
3. Is the keyed answer correct according to the cited source?
4. Is the intended key the best of the available choices?
On April 21, 1998, the Board issued a notice that, in consultation with the examination consultant, it had determined that the appeals to Questions 85 and 92 were meritorious, such that all answers to those questions would be counted as correct. The notice further stated that all other appeals had been considered by the Board and denied. The following day, Costa received a written examination ranking of 59/93, Lussier received a ranking of 66/93, and Kerle received a ranking of 64/93. All three officers requested a hearing pursuant to G.L.c. 22C, §43 to appeal the results of the Board’s review.
On May 29, 1998, Costa received a score of 4.0 out of a possible 7.0 on his Oral Boards, resulting in a ranking of 48/93. Following complaints by other officers about the composition of the board, the Oral Boards were conducted a second time. Costa’s score improved, resulting in a final ranking of 44/93. Lussier’s final ranking was 67/93, while Kerle’s final ranking was 64/93.
A hearing on the officers’ appeal of the written examination was conducted pursuant to Chapter 22C, section 43 on September 9, 1998 by Hearing Officer Major Thomas McLaughlin. Costa, Kerle and Lussier, represented by counsel, challenged various examination questions on the ground that they were not relevant to test the fitness of applicants to perform the duties of the rank of Captain as required by G.L.c. 22C, §25(iii).[4] They also argued that the appeals process violated G.L.c. 22C, §25 due to the Colonel’s failure to promulgate rules and regulations with respect thereto. On November 28, 1998, the officers were notified by letter dated November 23 that all their challenges to the written examination had been denied.
Accordingly, on December 7, 1998, Costa, Kerle and Lussier filed the present action alleging in Count I that the Board failed to promulgate rules and regulations relative to appeals as required by G.L.c. 22C, §25 and was improperly constituted. Count II alleges that the appeals process was illusory and violated c. 22, §25, and Count III alleges that the Board exceeded the authority of the State Police in denying the plaintiffs’ §43 appeal. The complaint seeks a declaration ordering DiFava to invalidate the April 4, 1998 Captain Promotional Examination and resulting eligibility list, rescind any promotions to Captain issued based on the examination, and administer a new Captain Promotional Examination. In the alternative, the complaint seeks a declaration ordering DiFava to promulgate rules relative to appealing the Captain Promotional Examination, constitute a new Appeals Board to review all appeals submitted by candidates of the April 4, 1998 examination, recalculate the scores of all candidates, and create a new eligibility list. On April 15, 1999, this Court (Tierney, J.) allowed the top twenty-one state police officers eligible for promotion to the rank of Captain as of August 24, 1998 to intervene as defendants in the present action. As of April 3, 2000, the State Police Department had promoted sixteen officers to the rank of Captain based *47 on the eligibility list created as a result of the April 1998 examination.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
General Laws Chapter 22C, section 25 provides in relevant part:
The colonel shall make rules and regulations relative to the right of any uniformed member of the state police to appeal (i) a marking of a member’s answers to the questions on such promotional examination; (ii) a finding by the colonel that a member does not meet the entrance requirements for such examination; and (iii) the suitability of a question to test the fitness of such member to perform the primary and dominant duties of the rank for which the examination was held. G.L.c. 22C, §25 (1991).
The plaintiffs first contend that the Colonel violated this statute by failing to adopt rules and regulations relative to officers’ right to appeal promotional examinations. The defendants argue that the appeals process involves a wholly internal matter not subject to formal regulations under Chapter 30A and further argue that Article 9.1 of the Massachusetts State Police Rules & Regulations in conjunction with Hillman’s April 7, 1998 memo constitute sufficient rules and regulations to comply with G.L.c. 22C, §25.
Chapter 30A, sections 2 and 3 require agencies to undertake specific procedures when promulgating “regulations.” Pursuant to Chapter 30A, section 1(5), the term regulation:
does not include . . . regulations concerning only the internal management or discipline of the adopting agency or any other agency, and not substantially affecting the rights of or the procedures available to the public or that portion of the public affected by the agency’s activities. G.L.c. 30A, §l(5)(b) (1985).
In the present case, the appeals process for promotional examinations concerns the internal management of the State Police Department and does not substantially affect the rights of the public. See Commonwealth v. Trumble, 396 Mass. 81, 89 (1985) (concluding that state police guidelines for conducting sobriety roadblocks are not “regulations” under Chapter 30A). Compare Massachusetts General Hospital v. Rate Setting Commission, 371 Mass. 705, 706-07 (1977) (recognizing that there may be advisory or informational pronouncements by an agency which may be issued without going through the formal Chapter 30A procedures for promulgating regulations). Thus, the defendants are correct that the Colonel was not required to employ formal rulemaking procedures under Chapter 30A when making the “rules and regulations” relative to appeals mandated by G.L.c. 22C, §25.
Nonetheless, this Court views the plaintiffs’ arguments as challenging not the procedure by which Article 9.1 and Hillman’s memo were promulgated but rather, their substantive content. Article 9.1, entitled, "Regulations Establishing Examination Appeal,” provides:
The Colonel/Superintendent or his/her designee shall administer the appeals process for recruit entrance examinations and promotional exams as established by Massachusetts State Police Rules, Regulations, Policy, Procedure, Directive or Order and applicable law.
Hillman’s April 7, 1998 memo simply stated the due date for written appeals by candidates for the promotional examination and the address to which such appeals should be submitted. This Court is not persuaded by the defendants’ argument that because Article 9.1 directs the Department to conduct appeals as established by “applicable law,” it adequately incorporates the standards of G.L.c. 22C, §25, including the suitability requirement. In enacting Chapter 22C, section 25, the Legislature clearly intended to delegate to the Colonel the task of creating specific guidelines to ensure a uniform process effectuating officers’ right to appeal the three aspects of promotional examinations set forth in the statute. Article 9.1, which merely states that the appeal process shall be conducted in accordance with the statute, does not accomplish this mandate. While this Court need not determine the exact level of detail required by G.L.c. 22C, §25, the plaintiffs are correct that the regulations promulgated thereunder should, at a minimum, set forth the scope of review on appeal and some uniform steps to be taken by the Appeals Board in considering challenged questions. Thus, this Court concludes that the defendant Colonel violated G.L.c. 22C, §25 by failing to promulgate rules and regulations governing the appeal process.
The plaintiffs further contend that the appeal process for the April 4, 1998 written examination was invalid because the Board’s review did not comply with the requirements of G.L.c. 22C, §25 that examination questions be suitable to test the candidate’s fitness for the rank of Captain. The statute specifically gives uniformed officers taking a promotional examination the right to appeal “the suitability of a question to test the fitness of such member to perform the primary and *48 dominant duties of the rank for which the examination was held.” G.L.c. 22C, §25(iii) (1991). It is undisputed that in the present case, the Board reviewed candidates’ challenges to particular questions in accordance with the following criteria:
1. Was the question drawn from the correct source materials?
2. Is the question stated as the source stated it?
3. Is the keyed answer correct according to the cited source?
4. Is the intended key the best of the available choices?
The defendants’ contention that these four criteria, taken together, constitute an examination of the suitability of a particular question lacks merit. The first criteria ensures that a question was part of the study materials provided to candidates prior to the examination, while the second criteria examines whether a question contained typographical or syntax errors. The third criteria involves cross-checking the master answer sheet with a candidate’s answer sheet, while the fourth criteria examines whether there was more than one correct answer to a particular question. The four criteria employed by the Board are primarily administrative and mechanical in nature, and while they involve legitimate concerns in reviewing examinations, they do not review the substance of an examination question to ensure that it is suitable to test candidates’ fitness to perform the primary and dominant duties of Captain as required by G.L.c. 22C, §25(iii). This Court notes that the requirement that questions on a promotional examination be suitable to test the candidates’ fitness for the position at issue goes to the very heart of the civil service system. See Opinion of the Attorney General, No. 32, 109, 113 (April 5, 1973) (stating that in order to be constitutional, a civil service examination must be predictive of successful performance on the job). Accord Macattis v. Civil Service Board, 374 N.E.2d 939, 947-48 (Ill.App. 1978) (concluding that an examination which tested information bearing no reasonable relationship to the duties of the position sought was arbitrary and capricious); Helland v. King County Civil Service Commission, 519 P.2d 258, 260 (Wash.App.Ct. 1974), rev’d on other grounds, 529 P.2d 1058 (Wash. 1975) (noting that the subject matter of a promotional exam must have a plausible relationship to the functions of the position sought). Thus, this Court concludes that the appeal process utilized in the present case violated G.L.c. 22C, §25(iii).[5]
The question remains as to the appropriate remedy to be ordered by this Court, in light of the conclusion that the appeal process for the April 4, 1998 written examination was invalid. Given the significant interests of the intervenor-defendants, most of whom have already been promoted to the rank of Captain pursuant to the eligibility list compiled following the April 1998 examination, this Court concludes that invalidation of either the entire examination or the 46 questions challenged by the plaintiffs and creation of a new eligibility list would be unjust. Indeed, the plaintiffs at oral argument agreed not to pursue such relief although requested in their complaint.
In the alternative, the plaintiffs are entitled to an order requiring the promulgation of appropriate rules relative to appealing promotional examinations and a new review of their appeals pursuant to the requirements of G.L.c. 22C, §25. This Court is not prepared in the first instance to undertake a review of whether the particular questions challenged by the plaintiffs meet the suitability requirement of §25(iii). Rather, that is the province of the Appeal Board, in accordance with such rules and regulations as it shall promulgate pursuant to G.L.c. 22C, §25 and consistent with this opinion.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs’ motion for summary judgment be ALLOWED and that the defendants’ cross motions for summary judgment be DENIED. It is further ORDERED that a declaration enter DECLARING and ADJUDGING that the appeal process of the April 4, 1998 written portion of the Captain Promotional Examination violated General Laws Chapter 22C, section 25.
It is hereby ORDERED that defendant John DiFava, as Colonel of the Department of State Police, promulgate rules and regulations relative to the right of any uniformed member of the state police to appeal a promotional examination pursuant to G.L.c. 22C, §25. It is further ORDERED that the defendant, in accordance with said rules and regulations and in compliance with G.L.c. 22C, §25 and this opinion, grant the plaintiffs a new appeal of the April 4, 1998 written examination, recalculate the plaintiffs’ scores and if necessary, adjust the plaintiffs’ ranking on the presently existing eligibility list.

Specific objections included that particular questions were based upon an obsolete Collective Bargaining Agreement, improperly tested knowledge of de minimis irrelevant subject matter from secondary source materials, and were generic and not relevant to Massachusetts State Police practice.

The defendants’ reliance on the statement in the affidavit of examination consultant Morris that each exam question used content validation methodology to ensure that it was job related is misplaced. Regardless of whether the test, when created, was intended to comply with the requirement of job suitability, Chapter 22C, §25 specifically entitles officers to an independent review on appeal of whether particular questions test suitability.